FULLERTON-KRUEGER LUMBER COMPANY *v.* NORTHERN PACIFIC RAILWAY COMPANY ET AL.

ERROR AND CERTIORARI TO THE SUPREME COURT OF THE STATE OF MINNESOTA.

Nos. 152 and 179. Argued December 12, 1924.—Decided January 5, 1925.

1. A statute should not be construed retrospectively, unless express language or necessary implication requires. P. 437.

2. Transportation Act, 1920, § 206, par. (f), providing: " The period of Federal control shall not be computed as a part of the periods of limitation in actions against carriers or in claims for reparation to the Commission for causes of action arising prior to Federal control ", does not apply to causes barred by limitation before its passage. P. 437.

156 Minn. 20 affirmed.

ERROR and certiorari to a judgment of the Supreme Court of Minnesota which reversed a judgment recovered by the Lumber Company in an action to recover excessive charges alleged to have been exacted by the Railway Company on shipments between points within the State. The writ of error is dismissed.

*Mr. P. L. Solether*, with whom *Mr. John Junell* was on the brief, for plaintiff in error and petitioner.

*Mr. Charles W. Bunn* appeared for defendants in error and respondents.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

After suing out the writ of error, No. 152, the Lumber Company obtained a certiorari, No. 179, to review the same judgment. The record plainly discloses that a right under an act of Congress was claimed below and denied. The cause is properly here by certiorari and upon it the issue can be decided. That adequate ground for the writ of error was specially set up below is not clear. It will be dismissed.

On January 24, 1921, the original action was brought in the District Court, Hennepin County, to recover excess freight charges demanded by respondents between November 25, 1912, and September 16, 1913, in violation of § 4347, Minnesota General Statutes, 1913. Admitting original liability, the Railway Company relied upon the local statute of limitation, fixing six years as the time within which such actions must be begun. To this the

reply was that the prescribed period of limitation had been extended by paragraph (f), § 206, Federal Transportation Act 1920, 41 Stat. 456, 462, which provides, " The period of Federal control shall not be computed as a part of the periods of limitation in actions against carriers or in claims for reparation to the Commission for causes of action arising prior to Federal control." And upon the sole point of law thus raised the cause is before us.

The petitioner maintains that Congress intended to revive actions against carriers when the period designated by the state statute for bringing them had expired during federal control and asserts that the mischief to be remedied indicates such purpose and the ordinary meaning of the words employed discloses it. The respondent insists that a statute should never be given retroactive effect where another construction is fairly permissible, as here; that if in the circumstances the act of Congress be so construed it would create new causes of action and thus permit the taking of property without due process of law.

The Supreme Court of Minnesota held, rightly, we think, that the Transportation Act was not intended to revive or restore rights of action barred before it became effective.

" It is a rule of construction, that all statutes are to be considered prospective, unless the language is express to the contrary, or there is a necessary implication to that effect." *Harvey* v. *Tyler,* 2 Wall. 328, 347; *Sohn* v. *Waterson,* 17 Wall. 596, 599; *Twenty Per Cent. Cases,* 20 Wall. 179, 187; *Chew Heong* v. *United States,* 112 U. S. 536, 559; *Shwab* v. *Doyle,* 258 U. S. 529, 534. And see *Hopkins* v. *Lincoln Trust Co.,* 233 N. Y. 213.

Applying this rule, we find no circumstances existing when the statute in question was enacted, nor any language therein, which shows that it should be applied to causes barred by limitation before its passage.

The judgment below is

*Affirmed.*