ROSE DUGGAN *vs:* WILLIAM M. OGDEN.

Suffolk.    March 9, 1932. — March 14, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Motor Vehicle,* Nonresident owner. *Jurisdiction. Statute. Practice,
Civil,* Service of process. *Evidence,* Officer's return.

Practice and procedure indicate the forms for enforcing rights as dis-
tinguished from the law which creates, defines and protects rights;
and they include writs, summonses and other methods of notice to
parties as well as pleadings, rules of evidence and costs. Per RUGG, C.J.
Section 3C, added to G. L. c. 90 by St. 1928, c. 344, and providing alter-
native methods by which notice may be given to a nonresident de-
fendant of service of process upon the registrar of motor vehicles as
his agent under § 3A, added to said c. 90 by St. 1923, c. 431, § 2,
and amended by said c. 344, relates to practice and procedure and
therefore was applicable to an action commenced against a non-
resident after its enactment, where the cause of such action arose
subsequent to the enactment of said c. 431, although it arose previ-
ous to the enactment of said § 3C; distinguishing *Paraboschi* v. *Shaw,*
258 Mass. 531.
Where, in an action commenced in 1931 for personal injuries sustained
in this Commonwealth in 1925 by reason of negligent operation of
an automobile by the defendant, a resident of Rhode Island, it ap-
peared that service of the writ was made upon the registrar of motor

vehicles as provided by said c. 90, § 3C, and that subsequently a deputy sheriff of the county of Bristol delivered a summons of the writ to the defendant in hand in Rhode Island, it was error to allow a motion by the defendant, who appeared specially, to dismiss the action on the ground that he had not been served properly and that the court had acquired no jurisdiction over him.

It *was stated* that the official return of service on the writ, reciting the acts done by the Massachusetts deputy sheriff in Rhode Island, was evidence of the truth of the facts so recited at least equal in probative value to a return receipt of registered mail.

TORT. Writ dated April 2, 1931.

The service of the writ is described in the opinion. In the Superior Court the defendant appeared specially and filed a motion to dismiss. The motion was heard by *F. T. Hammond*, J., and was allowed. The plaintiff appealed.

*J. E. O'Connell*, for the plaintiff.

*W. M. Burse*, for the defendant, submitted a brief.

RUGG, C.J. This is an action of tort wherein the plaintiff seeks to recover compensation for personal injuries alleged to have been received by her in Boston, in this Commonwealth, on April 4, 1925, while a pedestrian, through the negligent operation of an automobile owned by and operated in behalf of the defendant, who is described in the writ as a resident of Pawtucket, in the State of Rhode Island. The writ is dated April 2, 1931. Service was made on April 10, 1931, by delivering to the registrar of motor vehicles an attested copy of the writ together with the statutory fee. Return by a deputy sheriff of our county of Bristol is that on April 20, 1931, he delivered in hand to the defendant in Pawtucket, in the State of Rhode Island, a summons for his appearance at court as directed in the writ. The defendant filed a motion to dismiss on the ground that he had not been served properly and that the court had acquired no jurisdiction over him. This motion to dismiss was allowed and the plaintiff appealed.

It was enacted in substance by St. 1923, c. 431, § 2, whereby §§ 3A and 3B were added to G. L. c. 90, that a nonresident of the Commonwealth who availed himself of the rights and privileges of our laws by operating his motor vehicle thereunder on our ways should be deemed to have

appointed the registrar of motor vehicles his agent for the service upon him of all lawful process in an action against him growing out of any accident or collision in which such nonresident may be involved while operating a motor vehicle on our ways. Said c. 431 prescribed how service of process should be made on the registrar of motor vehicles and the amount of the fee to be paid him, and further enacted that such service should be valid "provided, that notice of such service and a copy of the process are forthwith sent . . . by the plaintiff to the defendant" by registered mail and the return receipt and affidavit of compliance with the statutory proviso appended to the writ. The constitutionality of that statute was sustained in *Pawloski* v. *Hess*, 250 Mass. 22, and affirmed *sub nomine Hess* v. *Pawloski*, 274 U. S. 352. Said c. 431 was in force at the time the plaintiff's cause of action accrued. It was amended by St. 1928, c. 344, whereby said §§ 3A and 3B were stricken out and new sections inserted in their places and four additional sections, 3C, 3D, 3E and 3F, were inserted in G. L. c. 90. So far as here material the provisions in said c. 344 as to the appointment by a nonresident of the registrar of motor vehicles as his agent upon whom service of process may be made are the same as those in the earlier statute, said c. 431. If and so far as there are changes in this respect, they wrought no change in the law which must be considered as continuously operative. *Main* v. *County of Plymouth*, 223 Mass. 66, 69. *Commonwealth* v. *Welosky*, 276 Mass. 398, 409. This provision as to the appointment of an agent by a nonresident upon whom service of process may be made is the main feature of both c. 431 and c. 344. The latter statute by § 3C made two changes in respect of the proviso for enforcing actual notice to such nonresident of the service of process against him made upon the registrar of motor vehicles as his agent. The provision for transmitting such notice by registered mail was continued as before. There were added alternative provisions to the effect that notice of such service and copy of process might be served upon the defendant if found within the Common-

wealth by an officer qualified to serve process, or if found without the Commonwealth by a sheriff or deputy sheriff of any county in this Commonwealth or by a duly constituted public officer qualified to serve such process in the jurisdiction where the defendant is found. These changes relate to practice and procedure and not to substantive rights. They therefore are applicable to actions brought subsequently to, although the cause of action may have arisen before, the enactment of said c. 344. *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 3. *Devine's Case,* 236 Mass. 588, 594. *Hollingsworth & Vose Co.* v. *Recorder of the Land Court,* 262 Mass. 45. *Ferreira* v. *Franco,* 273 Mass. 272, 274. *Martell* v. *Moffatt,* 276 Mass. 174, 178. *Fullerton-Krueger Lumber Co.* v. *Northern Pacific Railway,* 266 U. S. 435, 437. *United States* v. *St. Louis, San Francisco & Texas Railway,* 270 U. S. 1, 3. Practice and procedure include the mode of proceeding and the formal steps by which a legal right is enforced. Those words comprehend writs, summonses and other methods of notice to parties as well as pleadings, rules of evidence and costs. Practice and procedure indicate the forms for enforcing rights as distinguished from the law which creates, defines and protects rights. *Poyser* v. *Minors,* 7 Q. B. D. 329, 333, 334. *People* v. *Central Pacific Railroad,* 83 Cal. 393, 404. *State* v. *Farnham,* 114 Ore. 32, 46, 47.

The case at bar is distinguishable from *Paraboschi* v. *Shaw,* 258 Mass. 531. In that case the cause of action arose before the enactment of St. 1923, c. 431 and it was held that service could not be made as thereby authorized. The reason was that the authority of the registrar of motor vehicles to accept service rested upon a power of attorney created by the statute flowing from voluntary acts of the nonresident owning the motor vehicle. A power of attorney cannot be made retroactive without clear words to that end. It is doubtful whether the legislative power would extend to making such a statutory power of attorney retroactive. However that may be, there was nothing in said c. 431 indicative of a purpose to make it applicable to nonresidents whose motor vehicles were prior to its enactment involved

in accidents on our ways. In the case at bar the defendant had by his act appointed the registrar of motor vehicles his agent by virtue of said c. 431 in force at the time of the events here alleged. The amendment wrought in St. 1923, c. 431 by St. 1928, c. 344 related to the subsidiary matter of means by which notice might be given him of the service of process on his agent, not to the very creation of the agency. Every safeguard to preserve the rights of the defendant to such notice contained in said c. 431 was continued in c. 344. Every safeguard to protect the defendant against deprivation of property without due process of law is found in the latter statute. The service on the defendant in Rhode Island of the process by a deputy sheriff of this Commonwealth seems to be at least as complete assurance of notice as a letter by registered mail. It gives him an indubitable and actual notice of the proceedings with every opportunity to protect his rights. *Hess* v. *Pawloski*, 274 U. S. 352, 356. *Wuchter* v. *Pizzutti*, 276 U. S. 13, 19.

The deputy sheriff was not clothed with authority to make service of process in Rhode Island but his recital of acts done by him in that State touching delivery of actual notice, returned into our court under the sanction of his official responsibility, is evidence of the truth of the facts so recited at least equal in probative value to a return receipt of registered mail.

It follows that in our opinion there was error in granting the motion to dismiss. That order is reversed. The case is to stand for further proceedings in the Superior Court not inconsistent with this opinion.

*So ordered.*