### GEORGE MOORE ICE CREAM CO., Inc., v. ROSE.*

No. 6522.

Circuit Court of Appeals, Fifth Circuit.

Nov. 9, 1932.

J. C. Murphy and D. J. Gantt, both of Atlanta, Ga., for appellant.

C. P. Goree, Asst. U. S. Atty., of Atlanta, Ga., and Lester L. Gibson, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., for appellee.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

This was an action brought on March 28, 1931, by the appellant against the appellee, Collector of Internal Revenue, to recover the principal sum of $4,551.01, with interest, that sum being part of the amount, $6,871.18, assessed against appellant, in November, 1921, as a deficiency of income and profits taxes for the year 1917, and paid by him on November 5, 1923. Appellant's petition alleged the filing by him on November 5, 1927, of a claim for refund. That petition as it was amended showed that the only ground stated in the claim for refund which was relied on in the suit was the following:

"Apparent Errors in Adjustments in Invested Capital at December 31, 1916, and in Net Income for 1917.

"It is believed that the agent was in error in eliminating the following items from assets shown on balance sheet as of December 31, 1916:

| | |
|---|---:|
| Wagons | $1,750.00 |
| Tubs, cans and cabinets | 1,000.00 |
| Furniture and fixtures | 300.00 |
| Accounts receivable | 819.87 |
| Notes receivable | 400.00 |
| | $4,269.87 |

and that these amounts should be restored to Invested Capital, an audit is now being made of taxpayers books to determine the correctness of these adjustments as well as the adjustments made in Net Income for the year 1917.

"The original return for this year reflected a loss of $21,047.25. The agent made adjustments to reflect taxable gain of $16,940.18—a difference of $37,987.43.

"If the audit now being made reflects a different result it will be submitted as additional evidence."

The amended petition after alleging the filing of the claim for refund, alleged as follows:

"That thereafter on or about November 13, 1928, and January 2nd, 1929, detailed statements showing all of the items entering into and making up net income and invested capital were duly filed with the Commissioner of Internal Revenue supplementing and supporting the claim, said statements being under oath and intended as amendments to the claim; that the commissioner accepted the claim without objecting to it as insufficient in form and had the same under consideration from November 5, 1927; that the amendments to the claim were filed prior to May 1, 1929, and before the Commissioner had acted on the claim and no objection was made to the sufficiency of the claim until June 20, 1929.

*Rehearing denied December 20, 1932.

"Said claim for refund, together with supplemental data as recited in above paragraph, was referred by the Commissioner of Internal Revenue to the Internal Revenue Agent in Charge, Atlanta, Georgia, and was assigned to Revenue Agent H. E. Smith for verification, and after examination he determined that plaintiff was rightfully entitled to a refund of $4,551.01 based upon a corrected tax liability of $2,322.98. Copy of letter acknowledging such corrected tax liability is attached hereto and marked Exhibit 'B'.

"That thereafter on September 18, 1929, the Commissioner of Internal Revenue rejected said claim for refund in full."

The letter, a copy of which was made Exhibit "B," was dated February 21, 1929, and the body of it was the following:

"Find herewith agreement form 866 prepared for the signatures of the officers of the above named corporation. You will note that the corrected tax liability is $2,322.98. Originally or previously assessed $6,873.99, refund due $4,551.01.

"The amended net income upon which this tax is computed is $9,546.35, arrived at as explained to you in conference the other day.

"Kindly have this document signed by the president, attested by the secretary, the corporate seal affixed, and dated, and return to me in the enclosed envelope at the earliest possible date."

It appears from the opinion rendered, but not from the record proper, that by amendment of the petition, allowed August 10, 1931, the facts upon which the above set out letter was based were set forth as follows:

| | | |
|---|---|---|
| "Net Income on which Commissioner based additional assessment of $6,873.99 | | $16,940.18 |
| "Less: | | |
| Coca Cola rebates due Customers at December 31, 1917 | $5,666.10 | |
| Checks outstanding for purchases December 31, 1917 | 2,188.55 | |
| Total | $7,854.65 | |
| "Plus: | | |
| Checks issued in 1916 and paid in 1917 | 460.82 | |
| Net reduction | 7,393.83 | |
| "Corrected Net Income | $ 9,546.35" | |

The petition as amended did not allege that the alleged payment by appellant was made under protest. The court sustained a demurrer to the petition as it was amended, and dismissed that petition.

In argument in behalf of the appellee it was contended that the action of the court in sustaining the demurrer to the amended petition is sustainable on the grounds: (1) That the suit was not maintainable because the amended petition did not show that the alleged payment exacted of the appellant was made under protest; and (2) that the amended petition did not show that the ground therein stated in support of the asserted right to recover was stated in the alleged claim for refund.

■ 1. The Revenue Act of 1924 (26 USCA § 156, 43 Stat. 343) introduced into the provision with reference to suits for the recovery of taxes wrongfully collected the provision "but such suit or proceeding may be maintained, whether or not such tax, penalty, or sum has been paid under protest or duress." Prior to the enactment of the quoted provision an overpayment of income taxes without protest was not recoverable from the Collector of Internal Revenue. Fox v. Edwards (C. C. A.) 287 F. 669; Warner v. Walsh (D. C.) 24 F.(2d) 449. The alleged excessive payment was made by the appellant before the enactment of that provision, but this suit was brought after that provision was enacted. That a statute shall not be given retroactive effect unless such construction is required by explicit language or by necessary implication is a rule of general application. United States v. St. Louis, S. F. & T. Ry. Co., 270 U. S. 1, 46 S. Ct. 182, 70 L. Ed. 435. The suit asserts a personal liability of the appellee. Sage v. United States, 250 U. S. 33, 39 S. Ct. 415, 63 L. Ed. 828. At the time of the alleged overpayment by the appellant without protest, it did not subject appellee to any enforceable liability. A result of permitting the maintenance of the suit would be to give to a subsequently enacted statute the effect of creating a personal liability for the doing of an act which at the time it was done did not give rise to any liability. To say the least, it is not clear that the quoted provision of the statute was intended to, or constitutionally could, have the effect attributed to it. Fullerton Co. v. Northern Pacific Ry. Co., 266 U. S. 435, 45 S. Ct. 143, 69 L. Ed. 367; Warner v. Walsh (D. C.) 27 F.(2d) 952. But it is not necessary to pass on the question under consideration if the allegations of the amended petition do not show that appellant would have been entitled to recover anything if his alleged overpayment had been made under protest.

■ The timely filing of a claim for refund according to regulations established pursu-

ant to statute is a prerequisite of the existence of a right to sue for the recovery of illegally exacted taxes. 26 USCA § 156; Tucker v. Alexander, 275 U. S. 228, 48 S. Ct. 45, 72 L. Ed. 253; J. P. Stevens Engraving Co. v. United States (C. C. A.) 53 F.(2d) 1; Snead v. Elmore (C. C. A.) 59 F.(2d) 312. A regulation in force at the time appellant's claim for refund was filed requires that "all facts relied upon in support of the claim should be clearly set forth in detail under oath." Regulations 69, art. 1304. The only ground stated in appellant's claim for refund which was invoked by his amended petition was the one above set out. That part of the claim for refund, which was filed on the last day on which it legally could be filed (26 USCA § 157), consisted of the statement of a belief that error was committed in eliminating specified items of assets from the statement of appellant's invested capital, and the statement with reference to an alleged uncompleted audit that, if that audit reflects a different result, it will be submitted as additional evidence. The just mentioned statement with reference to an audit cannot be regarded as a clear setting forth in detail of a fact or facts relied upon in support of the claim for refund. It imported no more than that, if an audit then being made should reflect a different result from the one just mentioned, it would be submitted as additional evidence. It did not indicate a purpose to challenge the exacted tax on a ground other than the previously stated one based on the elimination from appellant's invested capital of described items of assets. The amended petition did not allege that the items mentioned were eliminated from appellant's invested capital. It challenged the exacted tax, not on a ground stated or suggested in the claim for refund, but on the ground that two described items should be deducted from the stated amount of net income upon which the challenged assessment was based, and that another described item should be added to that amount, no one of which three items was in any way mentioned in the claim for refund. It was not open to the appellant by his suit to challenge the exacted tax upon a ground wholly different from the one stated in his claim for refund. United States v. Felt & Tarrant Co., 283 U. S. 269, 51 S. Ct. 376, 75 L. Ed. 1025. The allegations of appellant's amended petition do not show that it was made known to the Commissioner of Internal Revenue that the exacted tax was challenged by appellant on a ground not stated in the latter's claim for refund, or that that official considered, or was called on

to consider, any ground of attack on that tax which was not stated in the claim for refund. This being so, the appellant was not entitled by his suit to challenge that tax on a ground not set out in his claim for refund. It follows that the court did not err in sustaining the demurrer to the amended petition.

The judgment is affirmed.