## LINK v. RECEIVERS OF SEABOARD AIR LINE RY. CO. et al.
### No. 3645.

Circuit Court of Appeals, Fourth Circuit.
Oct. 2, 1934.

150

James H. Price, of Richmond, Va., and W. A. Bull, of Greenville, S. C. (James D. Poag, of Greenville, S. C., S. Burnell Bragg, of Norfolk, Va., and J. Moore Mars, of Abbeville, S. C., on the brief), for appellant.

Smith R. Brittingham, of Portsmouth, Va. (W. R. C. Cocke, of Norfolk, Va., on the brief), for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from an order in the Seaboard Air Line Railway receivership case disallowing priority in payment to a judgment obtained against the railway company in the courts of South Carolina on account of a personal injury sustained in that state. The question involved is whether the limitation prescribed by a statute giving judgments for personal injuries priority of lien over railroad mortgages, which was in force at the time of the injury, is applicable so as to defeat the claim of priority, or whether appellant is entitled to the benefit of a statute passed after his cause of action had accrued and after the right to obtain priority over mortgages under the prior statute had been lost by delay.

Plaintiff was injured on January 26, 1927. He did not institute action to recover on account of his injury until August 8, 1928. On April 26, 1929, he obtained a verdict for $15,000; and, from an order refusing a new trial, an appeal was taken to the Supreme Court of South Carolina. 159 S. C. 538, 156 S. E. 481. During all of this time there was in force in South Carolina a statute, which had been originally passed in 1882 and which had been brought forward in the various codes which had been adopted since that date. This statute, giving priority over railroad mortgages to judgments for injuries to person or property obtained against railroads if action to recover on account thereof had been instituted within twelve months of the time of injury, appeared as section 27, art. 7, of chapter 52, or general section 4924 of the Code of South Carolina of 1922, and was as follows:

"*Lien of Judgments for Personal Injury or Injury to Property—Priorities.*—Whenever a cause of action shall arise against any railroad or street railway corporation for personal injury or injury to property sustained by any person, and such cause of action shall be prosecuted to judgment by the person injured, or his or their legal representatives, said judgment shall relate back to the date when the cause of action arose, and shall be a lien as of that date upon the income, property and franchise of said corporation, enforcible in any Court of competent jurisdiction by attachment or levy and sale under execution, and shall take precedence and priority of

payment of any mortgage, deed of trust or other security given to secure the payments of bonds made by said railroad or street railway company: Provided, Any action brought under this Section shall be commenced within twelve months from the time that said injury was sustained."

On March 28, 1930, while appellant's case was pending in the Supreme Court of South Carolina, the Legislature of that state passed an act amending the statute of 1882, which, in so far as it related to personal injuries, was in the exact language which we have quoted, except that the limitation in the proviso was two years instead of twelve months (Act March 28, 1930, 36 St. at Large, p. 1363). The contention of appellant is that this statute, and not the original statute of 1882, should be applied to appellant's case, which was pending on appeal in the Supreme Court at the time of its passage; and that, if it be applied, the judgment obtained by plaintiff is given priority over the mortgages given by the railroad company, as the action in which the judgment was obtained was instituted within the two years allowed by that statute, although not within the twelve months required by the statute of 1882. There were six mortgages or deeds of trust on the property of the railroad, all of which were executed after the passage of the act of 1882 and prior to that of 1930.

It will be observed that the statute of 1930 did not expressly change one of the provisions of a former statute, as was the case in Kelleher v. French (D. C.) 22 F.(2d) 341, 347, upon which appellant relies. But, as an amendment of the former statute, it enacted a statute covering the same subject-matter. The two statutes must of course be construed together; and we think that the only reasonable construction which can be given them is that the law common to both shall be construed as continuously operative from the time of the adoption of the first, and that the limitation prescribed by the first shall be held applicable to causes of action arising prior to the passage of the second, and the limitation of the second only to causes of action arising subsequent to its passage. 25 R. C. L. 907; Duggan v. Ogden, 278 Mass. 432, 180 N. E. 301, 82 A. L. R. 765; McNeeley v. South Penn Oil, 52 W. Va. 616, 44 S. E. 508, 517, 62 L. R. A. 562; State v. Mines, 38 W. Va. 125, 18 S. E. 470.

It is true that statutes relating to practice and procedure generally apply to pending actions and those subsequently instituted, although the cause of action may have arisen before. Duggan v. Ogden, supra; 25 R. C. L. 791, 792; Baltimore & P. R. Co. v. Grant, 98 U. S. 398, 25 L. Ed. 231; Hallowell v. Commons, 239 U. S. 506, 36 S. Ct. 202, 60 L. Ed. 409; Petition of Callanan (D. C.) 51 F.(2d) 1067, 1068. But these are not mere procedural provisions of statutes with which we are dealing. The statute of 1882, as well as that of 1930, creates in one who obtains a judgment against a railroad company a right superior to the rights of mortgagees in the railroad property, but only upon condition that the action for obtaining the judgment is instituted within the time limited by the act. The condition thus prescribed is not, therefore, a mere regulation of procedure, but a condition annexed to the enjoyment of the right, and is not at all different from similar provisions in statutes creating a cause of action. As to these, it is well settled that failure to bring the action within the time limited destroys the right itself, and not merely the remedy. Finn v. U. S., 123 U. S. 227, 232, 8 S. Ct. 82, 31 L. Ed. 128; Phillips Co. v. Grank Trunk R. Co., 236 U. S. 662, 667, 35 S. Ct. 444, 59 L. Ed. 774; Central Vermont R. Co. v. White, 238 U. S. 507, 511, 35 S. Ct. 865, 59 L. Ed. 1433, Ann. Cas. 1916B, 252; Louisville Cement Co. v. Int. Commerce Commission, 246 U. S. 638, 642, 38 S. Ct. 408, 62 L. Ed. 914; William Danzer & Co. v. Gulf, etc., R. Co., 268 U. S. 633, 637, 45 S. Ct. 612, 69 L. Ed. 1126; Pennsylvania R. Co. v. Carolina Portland Cement Co. (C. C. A. 4th) 16 F.(2d) 760.

The change made by the statute of 1930, therefore, was not a mere change in procedure, but a change affecting substantive rights; and, as to such statutes, the rule is well settled that they will not be given a retroactive effect unless it clearly appears that the Legislature so intended. William Danzer & Co. v. Gulf, etc., R. Co., supra; Fullerton-Krueger Lumber Co. v. Northern Pacific R. Co., 266 U. S. 435, 437, 45 S. Ct. 143, 69 L. Ed. 367; Brewster v. Gage, 280 U. S. 327, 337, 50 S. Ct. 115, 74 L. Ed. 457; U. S. v. Heth, 3 Cranch, 399, 413, 2 L. Ed. 479; Citizens' Bank v. Heyward, 135 S. C. 190, 133 S. E. 709, 720; Parris v. Carolina Mutual Fire Ins. Co., 91 S. C. 344, 74 S. E. 1010, 1011; Carolina Glass Co. v. State, 87 S. C. 270, 69 S. E. 391, 398; 59 C. J. 1159; 25 R. C. L. 787. And there is nothing here to show that the Legislature intended the statute of 1930 to have any retroactive effect. On the contrary, the language of the statute is entirely prospective. Its provisions are to apply "whenever a cause of action *shall arise*," etc.;

and the proviso is. "Provided, Any action brought under this Section *shall be commenced* within two years from the time that said injury was sustained." (Italics ours.) The use of the future tense in these two vital sections effectually negatives any suggestion that the statute was intended to apply retroactively. U. S. Fidelity & Guaranty Co. v. U. S., for Use of Struthers Wells Co., 209 U. S. 306, 28 S. Ct. 537, 52 L. Ed. 804.

In the case at bar the statute, to be of help to appellant, must be construed, not only as having retroactive effect, but also as reviving a right which had been lost by lapse of time. The statute of 1882 gives priority of right to a judgment only where the action in which it is obtained is instituted within twelve months. Appellant waited more than eighteen months to institute his action, and by his delay lost all right to obtain a judgment which would have priority over existing mortgages. It is well settled that a statute of limitations will not be so construed as to affect a cause of action already barred, if such construction can reasonably be avoided, and that this principle is peculiarly applicable where the limitation in force when the cause of action accrued is a part of the right of action itself. 37 C. J. 697; Stoddard v. Owings, 42 S. C. 88, 20 S. E. 25, 26; Bigelow v. Bemis, 2 Allen (Mass.) 496; Bussey v. Bishop, 169 Ga. 251, 150 S. E. 78, 67 A. L. R. 287 and note at page 297 and cases there cited. And the Supreme Court of the United States has held expressly that, where a right of recovery has been lost by reason of failure to institute action within the period limited as a condition of the right, it is not revived by a statute subsequently enacted extending the period. Fullerton-Krueger Lumber Co. v. Northern Pacific R. Co., 266 U. S. 435, 437, 45 S. Ct. 143, 69 L. Ed. 367; William Danzer & Co. v. Gulf, etc., R. Co., 268 U. S. 633, 636, 45 S. Ct. 612, 613, 69 L. Ed. 1126. The case last cited is directly in point here, and effectually distinguishes Campbell v. Holt, 115 U. S. 620, 6 S. Ct. 209, 29 L. Ed. 483, which dealt with a repeal of a mere statute of limitations affecting the remedy. Referring to that case, the Supreme Court said:

"That was an action on a contract for the recovery of money. By a state statute of limitations the right of action had been barred. The statute was repealed before the action was commenced. It was held that the action could be maintained, and that such repeal did not deprive the debtor of his property without due process of law in violation of the Fourteenth Amendment. The decision rests on the conception that the obligation of the debtor to pay was not destroyed by lapse of time, and that the statute of limitations related to the remedy only, and that the removal of the bar was not unconstitutional. The opinion distinguishes the case from suits to recover real and personal property. That case belonged to the class where statutory provisions fixing the time within which suits must be brought to enforce an existing cause of action are held to apply to the remedy only. But such provisions sometimes constitute a part of the definition of a cause of action created by the same or another provision, and operate as a limitation upon liability. Such, for example, are statutory causes of action for death by wrongful act. (Citing cases.) This case belongs to the latter class. Section 206 (f) will not be construed retroactively to create liability. To give it that effect would be to deprive defendant of its property without due process of law in contravention of the Fifth Amendment."

The foregoing quotation furnishes another reason why the statute should not be interpreted as reviving rights which had been lost prior to its passage; for, as so interpreted, it would offend the due process clause of the Fourteenth Amendment. At the end of the twelve-month period allowed by the statute of 1882 for the commencement of suit, the right of appellant to obtain a judgment which would constitute a lien on the property of the railroad superior to the liens of the recorded mortgages was gone; and the mortgages then had priority over any judgment which he might obtain on account of his injuries. For the Legislature by subsequent statute to displace this priority of the mortgages in favor of a pre-existing liability not entitled to priority would be simply to take the property of one person by legislative action and give it to another; and a clearer violation of the due process clause could not well be imagined.

It is to be noted that this is not a case where mortgages have been executed subsequent to the passage of a statute giving priority to judgments for personal injuries, as was the case in Southern R. Co. v. Bouknight (C. C. A. 4th) 70 F. 442, 30 L. R. A. 823; nor is it one where the injury for which judgment was obtained occurred after the passage of the statute, and where the question would arise as to whether the Legislature could not award such priority, even over antecedent mortgages with respect to injuries arising out of the future operation of the road. But it is a case where the mortgages and the liability

for the injury both existed prior to the statute, and where under the law, as it then stood, the mortgages had priority with respect to the property and income of the railroad over any claim arising out of the injury. In addition to offending against the due process clause of the Fourteenth Amendment, the statute, if interpreted to give a pre-existing unsecured claim priority over the liens of pre-existing mortgages, would impair the security of such mortgages as fixed by the contract of the parties; and would thus offend against the contract clause of the Constitution (article 1, § 10, cl. 1). 12 C. J. 1071; Crowther v. Fidelity Insurance, Trust & Safe-Deposit Co. (C. C. A. 4th) 85 F. 41, 44; National Bank of Commerce v. Jones, 18 Okl. 555, 91 P. 191, 12 L. R. A. (N. S.) 310, 11 Ann. Cas. 1041.

It is of course well settled that a statute is not to be construed to have an effect which would render it unconstitutional if it can reasonably be given any other construction. 25 R. C. L. 1000–1003; Sohn v. Waterson, 17 Wall. 596, 21 L. Ed. 737; Porter v. Investors' Syndicate, 286 U. S. 461, 470, 52 S. Ct. 617, 76 L. Ed. 1226. And a construction is to be avoided which would raise a grave question of constitutionality. Russian Volunteer Fleet v. U. S., 282 U. S. 481, 492, 51 S. Ct. 229, 75 L. Ed. 473; U. S. v. La Franca, 282 U. S. 568, 574, 51 S. Ct. 278, 75 L. Ed. 551. The statute of 1930 must be construed, therefore, as not applying to a case where the right to obtain a prior lien over existing mortgages had been lost by failure to institute action within the time required by existing law. Not only is this required by the constitutional principles to which we have adverted, but also by elementary principles of justice embodied in those constitutional principles and laid down more than a century ago as proper rules of statutory interpretation by Mr. Justice Paterson in U. S. v. Heth, 3 Cranch, 399, 413, 2 L. Ed. 479, as follows: "Words in a statute ought not to have a retrospective operation, unless they are so clear, strong, and imperative, that no other meaning can be annexed to them, or unless the intention of the legislature cannot be otherwise satisfied. This rule ought especially to be adhered to, when such a construction will alter the pre-existing situation of parties, or will affect or interfere with their antecedent rights, services, and remuneration; which is so obviously improper, that nothing ought to uphold and vindicate the interpretation, but the unequivocal and inflexible import of the terms, and the manifest intention of the legislature."

It is unfortunate for appellant that he should have delayed the institution of his action until his right to obtain a judgment having priority of lien over the mortgages given by the railroad company had been lost; but it is clear that, under the well-settled rules of statutory interpretation, the subsequently enacted statute of 1930 cannot be construed as restoring that right.

The order appealed from will be affirmed.

Affirmed.