## FRAUENTHAL et al. v. UNITED STATES.

### Civ. A. No. L. R. 586.

District Court, W. D. Arkansas, E. D.

Jan. 5, 1943.

L. A. Ross and R. W. Robins, both of Conway, Ark., for plaintiffs.

Lester L. Gibson, Sp. Asst. to the Atty. Gen., and Leon B. Catlett, Asst. U. S. Atty., of Little Rock, Ark. (Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe, Sp. Asst. to the Atty. Gen., and Sam Rorex, U. S. Atty., of Little Rock, Ark., on the brief), for defendant.

TRIMBLE, District Judge.

Sam Frauenthal, a resident of Little Rock, Arkansas, died on December 4, 1935, and the plaintiff, Jo Frauenthal, with another, was appointed one of the administrators, and will hereinafter be referred to for convenience and clarity as administrator. In due time administrator filed a Federal estate tax return. Thereupon hearings, negotiations and correspondence began between the administrator, or his representatives and the representatives of the Commissioner of Internal Revenue, hereinafter referred to as Commissioner. This continued until on or about the 21st day of September, 1936, when it was determined by the Commissioner that there was a deficiency in the sum of $9,301.11. The administrator was informed of this and on September 21, 1936, he executed and delivered to a representative of the Commissioner a waiver of restrictions against immediate assessment and collection of deficiency in estate tax return, on the regular or prescribed form. In this waiver he agreed to all the changes, except he added to the form the following reservation: "The executor reserves the right to file a claim for refund for any tax resulting from the payment in whole or a part of Item 35 and Item 39, Schedule I, which is contingent at this particular time."

Item 35 as shown in the reservation or notice of claim was actually Item 36, and no contention is made as to this typograph-

ical error. That Item read as follows: "Bankers Trust Co., note Ector R. Johnson, $5,000, accrued interest $555, indorsed by the deceased—Little Rock, Arkansas, $5,555."

Item 39 is as follows:

"S. R. Thomas, suit pending in the Pulaski Chancery Court, Little Rock, Ark., under the following caption:

Price Shofner, as Guardian of S. R. Thomas, Plaintiff No. 49,382

### V.

Samuel Frauenthal and Ector R. Johnson, Parties Doing Business as Frauenthal & Johnson, Bankers Trust Company and Union Trust Company and Marion Wasson, as State Bank Commissioner in Charge of Bankers Trust Company and Union Trust Company for Purposes of Management—Defendants.

| | |
|---|---|
| Principal sum | $26,140.00 |
| 6% interest 3-1-31 to 12-4-35 | 7,449.90 |
| Total | $33,589.90." |

The Commissioner was advised that both these matters were in litigation and could not be determined until such time as a trial could be had and appeals finally decided.

The statute of limitations involved here is in the Revenue Act of 1926, c. 27, 44 Stat. 9, 84, Sec. 319(b), 26 U.S.C.A. Int. Rev.Acts, page 259, as follows: "All claims for the refunding of the tax imposed by this title alleged to have been erroneously or illegally assessed or collected must be presented to the Commissioner within three years next after the payment of such tax." This section was amended in 1932, but the amendment is of no consequence here.

The estate tax was paid to the Collector of Internal Revenue, at Little Rock, Arkansas, on the 17th day of February, 1937, some five months after the filing of the waiver with the purported informal claim added thereto. The claim for refund of Items 36 and 39 included in this payment rested upon the contingency of the settlement of the litigation in the Thomas Case in the State Court. Promptly after that litigation was concluded, and the liability of the estate upon the S. R. Thomas claim was fixed, the administrator filed an amendment to his informal claim with the Commissioner. There was no undue lapse of time, but the administrator was diligent, both in the prosecution of the case in the State Court, which would fix the estate's liability, and in the filing of the amendment of the claim

with the Commissioner. This is evidenced from a study of the schedules attached to the amendment to the informal claim, including a transcript of the Thomas Case in the State Court.

Is the reservation contained in the waiver of restrictions against immediate assessment and collection of deficiency in estate tax, filed by administrator, on September 21, 1936, approximately five months before the payment of the tax for which this suit is brought, an informal claim for refund, as claimed by the plaintiff and denied by the defendant? If it is, can it be amended after the lapse of the period of limitation provided in the statute?

If the above questions are answered in the affirmative, then this case must be decided in favor of the plaintiff. If answered in the negative the decision must be for the defendant.

In practically all of the cases cited by counsel in their briefs, and reviewed by the Court, the purported informal claim was filed at the time of or subsequent to the time when payment was made. In the case at bar the purported informal claim, as hereinbefore stated, was filed some five months prior to payment, but the record discloses it was filed in contemplation of payment, with the intent to pay when called upon, and the tax was actually paid promptly when the amount to be paid had been determined and the administrator notified.

In the case of Kales v. United States, 6 Cir., 115 F.2d 497, and United States v. Kales, 314 U.S. 186, 62 S.Ct. 214, 86 L.Ed. 132, the taxpayer wrote a letter to the Commissioner, advising him that "if" certain things came to pass in the future (which the Commissioner knew about), she would file a claim for a refund. The Circuit Court of Appeals (page 501 of 115 F.2d) said:

"Appellant's letter was more than a protest or a statement of an intention to file a claim later in the event certain contingencies should arise. It was clear notice to the Commissioner that if he reversed his decision as to the value of the stock she was claiming a refund of that part of the original tax paid by her, because of his March 1, 1913, undervaluation of the stock. Her statement was in the nature of a counterclaim. The claim she urges here did not mature until the March 1, 1913, value of the stock as previously determined by the Commissioner was changed by his office, the Board of Tax Appeals or some court of

competent jurisdiction. A taxpayer may state as many grounds for refund as he wishes regardless of consistency, provided facts are disclosed on which the Commissioner may act. * * *

"We are of the opinion that appellant's letter of March 24, 1925, constituted an informal claim, which the Commissioner did not reject for failure to comply with the Treasury Regulations and when considered in the light of all the facts and circumstances existing at the time, the formal refund claim filed by appellant September 11, 1928, and accepted and considered on its merits by the Commissioner, was but a perfection of the informal claim and not a new and independent one."

The taxpayer was successful in the Court of Appeals and the defendant appealed the cause to the Supreme Court. That Court (314 U.S. 186, at page 194, 62 S.Ct. 214, at page 218, 86 L.Ed. 132) said:

"This Court, applying the statute and regulations, has often held that a notice fairly advising the Commissioner of the nature of the taxpayer's claim, which the Commissioner could reject because too general or because it does not comply with formal requirements of the statute and regulations, will nevertheless be treated as a claim where formal defects and lack of specificity have been remedied by amendment filed after the lapse of the statutory period. United States v. Memphis Cotton Oil Co., 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619; United States v. Factors & Finance Co., 288 U.S. 89, 53 S.Ct. 287, 77 L.Ed. 633; Bemis Bros. Bag Company v. United States, 289 U.S. 28, 53 S.Ct. 454, 77 L.Ed. 1011; Moore Ice Cream Co. v. Rose, 289 U.S. 373, 384, 53 S.Ct. 620, 624, 77 L.Ed. 1265. This is especially the case where such a claim has not misled the Commissioner and he has accepted and treated it as such. Bonwit Teller & Co. v. United States, 283 U.S. 258, 51 S.Ct. 395, 75 L.Ed. 1018; United States v. Memphis Cotton Oil Co., supra, 288 U.S. at page 70, 53 S.Ct. at page 281, 77 L.Ed. 619.

"In applying these guiding principles to the case in hand it is necessary to read the letter of March 23, 1925, in the light of the peculiar circumstances then well known to the Commissioner and referred to in the letter.* * *

"When respondent filed her letter the time within which a claim for refund could be filed was about to expire, and the occurrence of the contingencies on which a recovery could be had by respondent remained uncertain. But the Commissioner could have been left in no doubt that she was setting forth her right to a refund in the event of a departmental revision of its 1919 valuation of her stock. Her letter was present notice that, if the department insisted upon changing its original decision as to the 1913 value, she asserted that the stock had been undervalued and in consequence of the undervaluation she had a 'right to a refund of said (1919) tax to the extent of such excess.' * * * Respondent's amended formal claim of September 11, 1928, only made more specific the allegations of her earlier informal claim * * *."

"The fact that respondent had originally stated her claim in the future tense, saying that in the event of a departmental revision of the valuation of the stock she 'will insist' on a higher valuation and 'will claim the right to a refund' does not in the circumstances of this case lend even grammatical support to the Government's contention. Such a use of the future tense in stating a claim may, with due regard to the circumstances of making it, rightly be taken as an assertion of a present right. See Georgia F. & A. Ry. Co. v. Blish Milling Co., 241 U.S. 190, 197, 198, 36 S.Ct. 541, 544, 60 L.Ed. 948; cf Moore Ice Cream Company v. Rose, supra, 289 U.S. page 384, 53 S.Ct. at page 620, 77 L.Ed. 1265, reversing 5 Cir., 61 F.2d 605."

If a consideration of the Kales case should leave any doubt in the matter, the case of Neilson v. Harrison, 131 F.2d 205, 207, decided by the Court of Appeals for the Seventh Circuit, on the 5th day of November of this year (1942) would resolve the doubt.

In that case, as in this, the taxpayer signed a waiver of restrictions, and attached to the waiver was a condition, expressed in the following language: "This Waiver is signed with the distinct understanding that if the basis of computing charitable contributions when a capital loss is involved is at any time changed by a decision of the Supreme Court, or by change in your regulations, that this taxpayer will have the right to have the income revised in conformity with such change in your rulings or court decision, and by reason thereof this letter is hereby made a part of said Waiver."

The Court said:

"The Collector contends first that an informal claim for refund may not be per-

fected by an amendment filed after the statute of limitations has run. This is not the first time that the Government has made such a contention. In the recent case of United States v. Kales, 314 U.S. 186, 62 S. Ct. 214, 86 L.Ed. [132], this precise question was not presented, but the court made the following observation, which shows the result of the Government's contention in previous cases. [Quoting from the Kales case as hereinbefore set forth on page 4 of this memorandum [48 F.Supp. 273], and [314 U.S.] page 194 [62 S.Ct. 218] of the Kales case.]. * * *

"As the Court said in the Memphis Cotton case (288 U.S. 62, 53 S.Ct. [278], 281, 77 L.Ed. 619),

" 'The line of division must be kept a sharp one between the function * * * of a regulation making provision as to form. The function of the statute, like that of limitations generally, is to give protection against stale demands. The function of the regulation is to facilitate research. The Commissioner has the remedy in his own hands if the claim as presented is so indefinite as to cause embarrassment to him or to others in his Bureau. He may disallow the claim promptly for a departure from the rule. If, however, he holds it without action until the form has been corrected, * * * what is before him is not a double claim, but a claim single and indivisible, the new indissolubly welded into the structure of the old.'

"As we have noted, the taxpayer did not file an unconditional waiver, but rather a conditional waiver. The Commissioner, by proceeding in disregard of Section 272(a), accepted the waiver as conditioned. He voluntarily considered the attached condition, and in so doing he waived the protection of the regulation, if the condition constituted an informal claim.

"We come then to the Collector's second contention: that the condition attached to the waiver was not an informal claim. It is suggested that the condition contains not a claim but merely an expression of taxpayer's intention to file a claim in the future upon the happening of certain contingencies. We do not so construe it. The condition advised the Commissioner of the right upon which the taxpayer relied, and stated that if certain events happened, the taxpayer expected to have this right recognized."

The Court then stated that another criterion for determining if the condition was an

informal claim was how it was regarded by the parties (page 209 of 131 F.2d). "If, however, the Commissioner, knowing that the taxpayer relied on the condition, but believing that it was of no legal effect, accepted the conditional waiver and thereby instilled in the taxpayer a sense of security, the effect was to ensnare the unsuspecting taxpayer. 'The statute and the regulations must be read in the light of their purpose. They are devised, not as traps for the unwary, but for the convenience of government officials in passing upon claims for refund and in preparing for trial.' Tucker v. Alexander, supra, 275 U.S. [228], page 231, 48 S.Ct. [45], page 46, 72 L.Ed. 253. " * * *

In the light of these authorities how did the parties in the instant case regard this reservation in the waiver? Certainly the administrator and his counsel or representative had some purpose in placing that reservation or condition on the waiver and expected to derive some benefit from it. What benefit could they derive, but to put the Commissioner on notice that the administrator was thereby making a claim in the present to be completed at some future time. The future time at which the claim would be completed was not wholly indefinite, but would be determined by agreement of the parties or by a final judgment of a court of competent jurisdiction. The Commissioner would have this information before him in the waiver and Items 36 and 39 of Schedule I to the return. This was sufficiently definite to put the Commissioner on notice.

How did the Commissioner regard the reservation or condition? He did not have to accept the conditional waiver when presented, he could immediately have refused to accept it and demanded an unconditional waiver. If he had refused to accept it, then the administrator would have been put on notice and could have taken proper steps to protect himself against the contingency which he advised the Commissioner existed. The record discloses that the Commissioner did accept it and that it was never refused until the administrator sought to complete by amendment his informal claim for a refund, in accordance with the condition which he attached to the waiver.

█ The statute requires that a claim be filed within three years and if the Commissioner makes regulations as to how it shall be filed, which he undoubtedly has the right and power to make, he also has the right to waive those regulations, and can

do so by implication as well as directly. If the taxpayer makes his claim in an informal manner, then the Commissioner can refuse to accept it. But he cannot fail to act and permit the taxpayer to be misled as to his rights, and then set up the defense of failure to comply with the regulations of the department promulgated by the Commissioner.

While this claim was filed prior to the payment of the assessment, it was filed by the taxpayer with the intent to pay and in contemplation of payment, and is just as effective as if filed at the time of payment or subsequent thereto, for it was notice to the Commissioner of the taxpayer's claim, the grounds therefor, and the Commissioner accepted it and did not refuse it. Therefore, it was just as timely as if filed at the time of payment, or one hour or one year thereafter.

The Court is of the opinion that the insertion of the reservation in the waiver by the administrator constituted an informal claim, which could be amended, and was amended, and that the plaintiff is entitled to judgment.

Counsel for plaintiff may prepare findings of fact, conclusions of law and praecipe for judgment and present for entry.