### FORD v. COTTER et al.

Circuit Court of Appeals, Eighth Circuit.
June 17, 1929.

No. 8311.

· J. M. Jackson, of Nashville, Ark., for appellant.

Mann & McCulloch and Daggett & Daggett, all of Marianna, Ark., for appellees.

Before VAN VALKENBURGH and COTTERAL, Circuit Judges, and SCOTT, District Judge.

COTTERAL, Circuit Judge. The controversy arising on this appeal is whether the claims of four creditors, who are appellees, were presented to the referee for allowance in due time after the adjudication of bankruptcy, which occurred on March 23, 1926. The claims were filed at several dates in October of that year. The referee disallowed them, but on review the District Court reversed that action, and directed the referee to allow them. The trustee has appealed.

By section 57n of the Bankruptcy Act of 1898 (30 Stat. 561) claims were not allowed to be proved after one year from an adjudication. That section, as amended by the Act of May 27, 1926 (44 Stat. 666 [11 USCA § 93]), provides: "Claims shall not be proved against a bankrupt estate subsequent to six months after the adjudication. * * *" Section 18 of the act (11 USCA § 1, note) is as follows: "The provisions of this amendatory act shall govern proceedings, so far as practicable and applicable, in bankruptcy cases pending when it takes effect; but as to proceedings in cases pending when this act takes effect, to which the provisions of this amendatory act are not applicable, such proceedings shall be disposed of conformably to the provisions of said act approved July 1, 1898, and the acts amendatory thereof and supplementary thereto." And section 20 (11 USCA § 1, note) adds: "This act shall take effect and be in force on and after three months from the date of its approval."

The trustee contends that the limitation of amended section 57n governs in this case by imposing upon the creditors a new limitation of six months from the adjudication in making their proofs and as they were made thereafter they are barred. For the creditors the contention is that section should be construed prospectively from the date the amendatory act became effective and as the claims were proved within six months therefrom they were properly allowed.

■■ We observe first that "it is a rule of construction that all statutes are to be considered prospective, unless the language is express to the contrary, or there is a necessary implication to that effect." Fullerton Co. v. Northern Pacific, 266 U. S. 435, 45 S. Ct. 143, 69 L. Ed. 367. The language of the amendatory act is express that it shall govern pending cases so far as practicable and applicable. Section 57n as amended fixes a limitation upon the proof of creditors' claims of six months from date of adjudication. So, if it is applicable and a practicable regulation in this case, it is necessarily retroactive in respect of that limitation. Either that is the true limitation upon their proofs and barred them, or it does not apply to them, and they were provable within a year under former law. There is no support for the contention, as made for the appellees, that the limitation should be reckoned from the date the amendatory act became effective, because, unlike statutes limiting suits to a certain term, it must date from an adjudication, under the former or the amended section.

The words practicable and applicable are used without much distinction in section 18, as in one instance the act is to govern so far as practicable and applicable, and in the other, if it was not applicable to the proceedings, they were to be disposed of under the former acts. It is safe to interpret the act as meaning it regulates the pending proceedings, so far as the several sections it contains may be practicably applied to them. In this sense we inquire whether the new or former terms of limitation control.

The amendatory act was by its terms made effective at the end of three months. This interim of abeyance was doubtless meant to allow an adjustment of pending proceedings to the amended sections of the act. But to apply the new limitation upon the creditors in cases where an adjudication had been made was bound to be of such difficulty, and so productive of irregularity of privilege among creditors, as to disprove an intention to enforce that limitation against them. It was unsatisfactory of application at best, and the uncertainty attending it was calculated to mislead creditors to their loss. The act calls for interpretation also in this respect, and that best sustained is that if, when the act became effective, there had been an adjudication, the former section 57n, allowing one year for proving claims, applied; but, if there had then been no adjudication, the amended section applied, fixing six months therefrom as the limitation. The

claims of appellees were therefore presented in due time and properly allowed.

There is force in the view that the court was authorized to hear all controversies upon disputed limitations and determine whether in the exercise of a sound discretion it was practicable to apply amended section 57n, and as the question was resolved favorably to appellees, and no abuse of that discretion appears, the ruling made should not be disturbed on appeal.

In any event, the order of the District Court was right and has our approval. It is therefore affirmed.

SCOTT, District Judge, dissents.