## SMITH v. DETWILER (two cases).

Nos. 5633, 5634.

Circuit Court of Appeals, Third Circuit.

July 26, 1935.

George T. Hambright and John E. Malone, both of Lancaster, Pa., for appellant.

Lawrence Potamkin and Peter P. Zion, both of Philadelphia, Pa., for appellee.

Before BUFFINGTON and THOMPSON, Circuit Judges, and JOHNSON, District Judge.

THOMPSON, Circuit Judge.

These are appeals from decrees of the District Court for the Eastern District of

Pennsylvania. The question is whether the claims of the appellees were presented to the referee in due time. The Bankruptcy Act, § 57n, as amended by section 13 of the Act of May 27, 1926 (11 USCA § 93 (n), and sections 18 and 20 of the same act (11 USCA § 1 note), provides:

"Section 13. Claims shall not be proved against a bankrupt estate subsequent to six months after the adjudication; or if they are liquidated by litigation and the final judgment therein is rendered within thirty days before or after the expiration of such time, then within sixty days after the rendition of such judgment."

"Section 18. The provisions of this amendatory Act shall govern proceedings, so far as practicable and applicable, in bankruptcy cases pending when it takes effect; but as to proceedings in cases pending when this Act takes effect, to which the provisions of this amendatory Act are not applicable, such proceedings shall be disposed of conformably to the provisions of said Act approved July 1, 1898, and the Acts amendatory thereof and supplementary thereto."

"Section 20. This Act shall take effect and be in force on and after three months from the date of its approval."

The effective date of the amendatory act was August 27, 1926. Prior to that date, on July 21, 1926, an involuntary petition in bankruptcy had been filed against one Hoffman. Subsequent to that date, on January 26, 1927, the adjudication was decreed. Eight months thereafter, on September 28, 1927, the appellees presented their proofs of claim. The referee disallowed the claims on the ground that they were filed more than six months subsequent to the adjudication.

The District Court held, upon equitable principles, that the six-month limitation period did not apply to pending cases. It therefore reversed the orders of the referee and entered decrees allowing the appellees to file their proofs of claim and directing the referee to allow them. The trustee in bankruptcy appealed from these decrees.

The amendatory act, as we read it, is unambiguous in its intent that it be given retroactive effect. There is nothing in the act which gives the court power to enlarge the statutory grant of six months within which to file proofs of claim.

In Ford v. Cotter (C. C. A.) 33 F.(2d) 875, 876, the Eighth Circuit allowed proofs of claim which were filed more than six months after adjudication, on the ground that there had been an adjudication prior to the effective date of the amendatory act and that in such case the one-year limitation period applied. In the instant case, however, the pending proceedings were unadjudicated prior to the effective date of the amendatory act and a different ruling is applicable. It is so stated in Ford v. Cotter, supra: "The amendatory act was by its terms made effective at the end of three months. This interim of abeyance was doubtless meant to allow an adjustment of pending proceedings to the amended sections of the act. But to apply the new limitation upon the creditors in cases where an adjudication had been made was bound to be of such difficulty, and so productive of irregularity of privilege among creditors, as to disprove an intention to enforce that limitation against them. It was unsatisfactory of application at best, and the uncertainty attending it was calculated to mislead creditors to their loss. The act calls for interpretation also in this respect, and that best sustained is that if, when the act became effective, there had been an adjudication, the former section 57n, allowing one year for proving claims, applied; but, if there had then been no adjudication, the amended section applied, fixing six months therefrom as the limitation."

The appellees contend that the provisions of the Bankruptcy Act in effect when the bankrupt's liability to them accrued, gave them a vested right to file their proofs of claim within one year from the date of adjudication; and that, if the amendatory act is construed so as to shorten the period from one year to six months, that act is unconstitutional. We do not agree with the appellees that they have a vested right to the one-year limitation period. Congress has, by a system of bankruptcy laws, conferred upon creditors the privilege of sharing pro rata in the assets of a bankrupt. It may make such privilege dependent upon enumerated restrictions. As was said by the Second Circuit in Re Silk (C. C. A.) 55 F.(2d) 917, 918: "Under the statute the court of bankruptcy administers the assets of the bankrupt, not for the benefit of all his creditors, but only for those whose claims are proved and allowed as specified in the act."

In that case no creditors would have been injured had the court allowed the claim, since there was a surplus in the bankrupt estate which was returned to him. In the instant case, if we were to allow the appellees to share pro rata with those who filed their claims in accordance with the scheme of the amendatory act, we would deprive diligent creditors to that extent.

We conclude that the construction by the District Court of the language and terms of the amendatory act was erroneous.

The decrees are reversed, and the order of the referee reinstated and confirmed.