**In the Matter of SEMEL & CO., a corporation of the State of New Jersey, Debtor.**

**No. B–635–67.**

United States District Court
D. New Jersey.
May 23, 1968.

Elmer O. Goodwin, Newark, N. J., for National Newark & Essex Bank, by Harry Creo, Newark, N. J.,

Myron S. Lehman, Newark, N. J., for debtor.

## OPINION

WORTENDYKE, District Judge:

This action comes before me upon a petition of the National Newark & Essex Bank to review an Order made by the Honorable William H. Tallyn, Referee in Bankruptcy, dated January 12, 1968, denying a motion by the petitioner to file a proof of claim in the above-captioned matter.

The relevant facts are not disputed by the respective parties. As set out by the Referee in his Certificate of Review, dated March 13, 1968, they are as follows:

"1. Semel & Co. filed a petition for an arrangement under Chapter XI of the Bankruptcy Act on April 27, 1967.

2. The National Newark & Essex Bank was listed in this petition as one of the creditors.

3. On May 5, 1967 notice was given to creditors that the first meeting of creditors would be held on May 23, 1967, and that proofs of claims must be filed on or before November 23, 1967.

4. The National Newark & Essex Bank did not file a proof of claim within the six-month period expiring November 23, 1967.

5. On November 24, 1967 the Receiver filed a petition for authority to compromise the mortgage lien claim of National Newark & Essex Bank. Under the proposed compromise, the lien of the Bank would be limited to $25,000.00 and the balance of the Bank's claim would be allowed as a general unsecured claim.

6. Creditors were ordered to show cause why the Receiver should not be authorized to effect this compromise. On January 5, 1968, the adjourned return date of the order to show cause, the Receiver moved to discharge the order to show cause because of objections to the proposed compromise made by the debtor and by creditors, and I granted the Receiver's motion.

7. In the meantime, the National Newark & Essex Bank filed a motion for leave to file a proof of claim out of time; and on January 5, 1968 I denied this motion.

8. The petition for review of the order denying the motion by the Bank was timely filed.

9. Subsequently, the plan of arrangement proposed by Semel & Co. was confirmed, but deleted from the plan was paragraph 5 thereof which purported to reserve jurisdiction in the court, after confirmation, to determine the extent and validity of claims of secured creditors."

Upon the foregoing facts, the Referee made the following Conclusions of Law:

"This proceeding was commenced by an original petition filed under Section 322 of the Bankruptcy Act. Section 355 provides that where a petition is filed under Section 322, subdivision n of Section 57 of the Act shall apply. Subdivision n of Section 57

states that claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed.

National Newark & Essex Bank failed to file a proof of claim within the six-month period prescribed by subdivision n of Section 57.

The court has no discretion, based on equitable considerations, to permit a claim to be filed beyond the six-month period. In re Mellen Manufacturing Company, 1961, Third Circuit, 287 Fed.2nd, 37; certiorari denied [366 U.S. 962], 81 Supreme Court Reporter 1922 [6 L.Ed.2d 1254]. In re J. Jay Vandergrift, 1964, W.D.Pa., 232 F. Supp. 857. L. O. Koven & Brother, Inc. v. Local Union [No.] 5767, United Steelworkers of America, 1966, N.J., 250 Fed.Supp. 810.

The motion by the Bank to file a proof of claim out of time was properly denied."

In seeking a reversal of the decision of the Referee, petitioner takes the position that the Referee erred, as a matter of law, in determining that petitioner was precluded from filing a proof of claim outside of the six-month period prescribed by Section 57n of the Act, 11 U.S.C. 93(n). The argument of the movant is based upon an amendment to Section 355 of the Act, 11 U.S.C. 755a, dated November 28, 1967, which provides:

"Creditors, including the United States, any State, and any subdivision thereof, shall file their proofs of claim before confirmation except as follows:

(1) if scheduled by the debtor, a claim may be filed within thirty days after the date of mailing notice of confirmation to creditors but shall not be allowed for an amount in excess of that set forth in the debtor's schedules; * * *."

This amendment was in effect at the time that the petitioner applied for permission to file a proof of claim on January 5, 1968. Likewise, on that date, there had not yet been a confirmation of the proposed Plan of Arrangement. Petitioner asserts, therefore, that upon a literal reading and application of the amendment and in the spirit of the amendment as an indication of the remedial intent of Congress in altering the statutory limitation theretofore in existence, the filing of the proof of claim should have been allowed as a matter of course.

On May 5, 1967 notice was given to all creditors that proofs of claims should be filed on or before November 23, 1967. Five days subsequent to the expiration of that six-month period, Section 355 was amended to allow filing of proofs of claims up until confirmation of the proposed plan or until thirty days subsequent to said confirmation where the claim of the creditor seeking to file such a proof of claim had been listed on the debtor's schedule.

The question presented by this Petition for Review is whether the amendment allowing the filing of proofs of claims up until confirmation of the proposed plan of arrangement is applicable to a situation where the confirmation of the proposed plan has not yet occurred but where the right to file such a proof of claim has expired by reason of the lapse of the time limitation allowed for such filing which was in effect at the commencement of and during the progress of the Arrangement Proceedings.

The debtor, urging that the decision of the Referee be affirmed, asserts that the six-month period allowed for the filing of proofs of claims is a statute of limitations concerning those claims, the running of which, at least in regard to the estate of the debtor, extinguished the right of the petitioner to file a proof of claim against that estate. In support of that position the debtor cites, inter alia, the cases of In re Supernit, Inc., 186 F.2d 130 (3 Cir.1950) and In re Mellen Manufacturing Company, 287 F. 2d 37 (3 Cir.1961). In view of those cases, the debtor contends that the Referee was correct in finding that he lacked any discretionary or equitable

power to allow the petitioner to file a proof of claim despite the more liberal language of the amendment to Section 355 which became effective prior to the confirmation of the Plan of Arrangement in this case. The petitioner, on the other hand, points to the legislative history of this amendment as indicative of a congressional intent to protect the very interest sought to be asserted by a creditor in the predicament in which the petitioner presently finds itself and to prevent the debtor from obtaining an undeserved windfall.

■ I am of the opinion that the decision of the Referee must be affirmed. It is a well-established canon of construction in dealing with legislative amendments that they are to be applied prospectively unless a contrary indication is apparent from the language or intent of the amended statutory section or from the basic purpose of the amended statute. See United States v. Heth, 7 U.S. (3 Cranch) 399, 408, 2 L.Ed. 479 (1806); United States v. Magnolia Petroleum Company, 276 U.S. 160, 162, 48 S.Ct. 236, 72 L.Ed. 509 (1928); Hassett v. Welch, 303 U.S. 303, 314, 58 S.Ct. 559, 82 L.Ed. 858 (1938).

There is nothing on the face of the amendment to Section 355 which indicates that it is to be applied to pending proceedings in which the time for filing under the then controlling statutory limitation has expired.

The practical effect of the latest amendment to Section 355 will be, in most instances, to enlarge the period of time in which proofs of claims may be filed. The primary intent of Congress, however, was that:

" 'By limiting the time in which creditors could file such claims, the 1963 amendments intended to assure expedition in the administration of chapter XI cases.

The objectives of the 1963 legislation were salutary. However, the committee has learned that the time limitations imposed have created difficulties and confusion where reasonable certainty previously existed. H.R. 2519 retains the objectives of Congress as expressed in 1963 by permitting only those creditors who file claims to participate under the arrangement. However, in order to avoid imposing onerous and unrealistic burdens on creditors which may prevent them from participating and thereby provide a windfall or undeserved benefit to the debtor, the bill enables creditors to file their claims up to the date of confirmation. In some cases confirmation may occur before the expiration of the 6-month period. In others, it may come later, but by adopting the day of confirmation as the closing date for filing claims, much of the confusion and inconsistent application of chapter XI may be prevented.' " 1967 U.S.Code Cong. & Ad.News p. 1996.

For an example of the confusion which this amendment was intended to correct, compare In re Vandergrift, 232 F.Supp. 857 (W.D.Pa.1964) affd. 341 F.2d 921 (3 Cir.1965) with Fyne v. Atlas Supply Company, 245 F.2d 107 (4 Cir. 1957).

When Congress has deemed it expedient that certain amendatory sections be applied to proceedings which are already in progress, it has not failed to evidence that intention with appropriate directory language. See, for example, the language contained in certain of the Chandler Act amendments of 1938, Section 276, 11 U.S.C. § 676 and Section 399, 11 U.S.C. § 799. In Smith v. Detwiler, 79 F.2d 71 (3 Cir.1935), the Third Circuit Court of Appeals did apply a change in the period of limitations for the filing of proofs of claims to a pending proceeding. In doing so it relied upon certain language of the amendment that evidenced an unambiguous intent on the part of Congress that the new period of limitations be applied to pending proceedings wherever practicable. The Amendment before this Court and its accompanying legislative history are completely devoid of any such indication. It is interesting to note that in Smith v.

Detwiler, supra, the application of the amended time limitation furthered the congressional policy of expeditiousness in bankruptcy matters and was, therefore, consistent with the underlying purpose of the entire structure of bankruptcy law. To adopt the position advanced by the petitioner in this case would be to align this Court in direct opposition to that deeply entrenched policy.

In affirming the decision of the Referee, there is no necessity to analyze whether the six-month limitation placed upon the filing of proofs of claims is more accurately characterized as "procedural" or "substantive." The proper test in determining the flexibility of a statute of limitations contained in a particular congressional enactment is by reference to the legislative history of that particular statute. See Burnett v. New York Central R. R. Co., 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1964). There is no need to cite authority in support of the proposition that the purpose of bankruptcy legislation from its inception in the last century down to the present day was and is the reasonably expeditious rehabilitation of financially distressed debtors with a consequent distribution to creditors who have acted diligently. This is especially true in a Chapter XI proceeding. Through experience Congress and the Courts have learned that "expedition" and "diligence" fall short of achieving the designed purpose of bankruptcy without the added ingredients of "certainty" and "finality." It was in furtherance of enhancing the concept of "certainty" that Congress amended Section 355, only four years after it had been previously amended, when that prior amendment failed to bring about the desired result.

Petitioner's right to file a proof of claim was extinguished on November 23, 1967. It now contends that the amendment to section 355 of November 28, 1967 revived the right to file that proof of claim since confirmation of the proposed Plan of Arrangement had not yet been consummated. This result, petitioner contends is dictated by the liberalization of the filing requirements brought about by the amendment to Section 355. I find, in accordance with the decision of the Referee below, that the entire thrust of the amendment to Section 355 was to remove any problem of uncertainty in regard to the construction of the time limitations imposed by Congress upon the filing of proofs of claims. It then becomes abundantly clear that Congress, by this amendment to Section 355, has reasserted its mandate that limitation periods in the Bankruptcy Act, whatever those periods may be and by whatever measure determined, are to be strictly construed. See L. O. Koven & Brother, Inc. v. Local Union No. 5767, United Steelworkers of America, AFL–CIO, 250 F.Supp. 810 (D.N.J. 1966).

In view of the long history of the strict application of limitation periods under the Bankruptcy Act in this Circuit, the lack of any indication on the part of Congress as to the applicability of Section 355 to pending proceedings, and the purpose of Congress in enacting this amendment, it would be indeed difficult for this Court to justify an application of the amendment which would revive petitioner's claim and reintroduce the very element of "uncertainty" concerning the termination of the period for filing of proofs of claims which Congress has assiduously labored to eradicate by this very amendment. Therefore, the decision of the Referee will be affirmed.

Let an order in conformity with the foregoing opinion be presented.