In re **MARINE POLLUTION SERVICE, INC., t/a Certified Concrete Co., Debtor.**

In re **TRANSIT MIX CONCRETE CORP., Debtor.**

**David M. BRODSKY, as Trustee for Marine Pollution Service, Inc., t/a Certified Concrete Co., and Transit Mix Concrete Corp., Plaintiff,**

v.

**LOCAL 282, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA; Certified Concrete Co. Drivers Committee of Local 282; Transit Mix Concrete Corp. Drivers Committee of Local 282; William Michael Meyers; and Thomas A. Knowlton, Esq., Defendants.**

**Bankruptcy Nos. 87–B–11548 (CB), 87–B–11642 (CB).**

**No. 88 Civ. 0640 (MBM).**

United States District Court, S.D. New York.

Aug. 2, 1988.

---

Matthew Gold, Schulte Roth & Zabel, New York City, for plaintiff.

Walter M. Meginniss, Jr., Gladstein, Reif & Meginniss, Brooklyn, N.Y., for defendants.

## OPINION AND ORDER

MUKASEY, District Judge.

The Certified Drivers and, belatedly, the Trustee have moved for a stay of the order entered herein on July 18, 1988, reversing a decision of the Bankruptcy Court and reinstating an arbitration award. Familiarity with that prior order and the opinion underlying it are assumed. Because the Trustee did not submit papers until the afternoon of Thursday, July 28, with the automatic stay under Bankruptcy Rule 8017(a) due to expire the following Monday, August 1, there was insufficient time for the Transit Mix Drivers to respond or for me to issue an opinion simultaneously with a ruling. Accordingly, by endorsement, I denied the motions yesterday, noting that an opinion would be filed shortly giving the reasons for that ruling. This is that opinion.

The decision as to whether or not to grant a stay pending appeal in a civil case is controlled by four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987). Those factors are to be applied so as to yield "individualized judgments in each case," *id.*, from which I conclude that no one factor is dispositive.

### (1) Strong Showing of Likely Success on the Merits

Neither the Certified Drivers nor the Trustee have raised arguments in their briefs that were not raised and treated in what I believe to be the correct fashion in the July 18 opinion and order, with the exception of the Trustee's suggestion that the Bankruptcy Court made findings of fact when it granted the order preliminarily staying the award on November 17, which findings the Trustee apparently suggests should be carried forward to the Bankruptcy Court's own statement of findings and conclusions set forth in the December 1, 1987 oral opinion. In particular, the Trustee points to the Bankruptcy Court's expressed concern with the financial stability of the debtor, and to the following: "This Debtor cannot, based on the testimony, afford disruptions in order will [*sic*] give a perception in the community that this Debtor will no longer be a viable entity with which to bargain." 11/17/87 Tr. at 246.

Upon reviewing yet again the transcript in which that passage appears, I cannot accept the view, proffered for the first time by the Trustee on this motion for a stay, that that passage constitutes a finding of fact on which the later December 1 opinion was based. If, as I found, the proceeding in the Bankruptcy Court was not a core proceeding, then the Trustee's argument is unavailing because the Bankruptcy Court in such a case had no power to issue a decision. But further, I see no reason to disturb the description in my July 18 opinion of what the Bankruptcy Court did on November 17, 1987, as follows: "He did not make explicit findings with respect to irreparable injury or rule with respect to likelihood of success on the merits. Rather, he reasoned that if he did not grant the preliminary injunction and let the arbitrator's award take effect, but later found the award to have been improper, 'that means there will be disruption in the company twice.' On the other hand, if he did grant the injunction blocking the award, even if he later upheld the award, 'there will only be disruption once.' Accordingly, he granted the preliminary injunction." 88 B.R. 588, 592.

### (2) Irreparable Injury Absent a Stay

The Trustee has placed strongest emphasis on this factor. In sum, he has asserted that implementing the arbitration award would "have an extremely detrimental effect on [the] ... cohesion" of the Certified

work force, which would endanger productivity, which could in turn endanger both Certified's relationships with its customers and the willingness of its suppliers to extend favorable credit terms. To illustrate this scenario, the Trustee has submitted affidavits of representatives of two trade creditors.

The point the Trustee is making is both clear and explicit in the affidavit of Joseph J. Ferrara, Jr.: "Certified cannot afford any costly disruptions to its operations on account of driver altercations or slowdowns." Ferrara Aff. ¶ 5. In essence, the argument is as follows: Notwithstanding that there has been no evidence that the Transit Mix drivers are any less competent than the Certified drivers at operating the trucks in question, there will be an interference with productivity because other Certified employees, who oppose the arbitrator's displacement of their brethren and are willing to act on that feeling, will cause slowdowns and other disturbances that will endanger the productivity and eventually perhaps the economic viability of Certified, and thus perforce will endanger implementation of a reorganization plan.

The response to that argument is threefold. First, there is an extended string of "ifs" before the conclusion that a plan will be jeopardized, and accordingly there has been no showing of irreparable injury. *If* there are slowdowns and other disruptions, and *if* they reduce productivity, and *if* customers as a result diminish their orders, and *if* creditors as a result become unwilling to cooperate (as they have not said for certain they will), then a plan will be jeopardized. Second, that simply creates an interest in disturbance that I am unwilling for policy reasons to encourage. Third, if the Trustee believes that the threat of slowdowns or other disturbance is such that he wishes to undo the arbitration award, he has open to him either a return to the arbitrator or a rejection of the contract in the manner Congress has prescribed in 11 U.S.C. § 1113.

### (3) Injury to Other Parties From Issuance of a Stay

Here, the injury to the Transit Mix drivers who would otherwise return to work is apparent. It is the same injury as would result to the displaced Certified drivers from denial of a stay.

### (4) Public Interest

Here the Trustee has argued that there is a strong public interest in the success of his reorganization effort, and in this he is correct. I believe there is also a strong public interest in honoring arbitration agreements and in not yielding to arguments like those advanced to justify a finding of irreparable injury here, which are based on the perceived determination of one group of employees to undermine an arbitration award with which they disagree. Here I do not find that the balance of public interests favors the Trustee.

For the above reasons, a stay has been denied.

SO ORDERED.