## In re ROTH AMERICAN, INC., Debtor.

### Bankruptcy No. 5–88–00056.

United States Bankruptcy Court,
M.D. Pennsylvania.

Aug. 31, 1988.

John H. Doran, Robert C. Nowalis, Doran, Nowalis & Flanagan, Wilkes–Barre, Pa., for Roth American/debtor.

John J. Dunn, Sr., Dunn & Byrne, Scranton, Pa., Baptiste & Wilder, P.C., Washington, D.C., for Teamsters Local 401.

## MEMORANDUM AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

By an oral Order entered on July 28, 1988, this Court overruled a number of objections filed to an Application by the debtor for an Order Confirming Sales to American Plastics Equipment, Inc. and Carter Footwear, Inc. The factual and procedural history of this case is sufficiently detailed in a Memorandum in Support of the Order entered on the record and filed August 17, 1988 and consequently, will not be reiterated in this Opinion. 88 B.R. 649.

Subsequent to the entry of the Order of July 28, 1988, and more particularly on August 19, 1988, Teamsters Local 401 (hereinafter "Union") filed and served a Notice of Appeal of the July 28, 1988 Order on all parties. On the same date, the Union filed a designation of record and statement of issues on appeal. Thereafter, the Union filed a Motion for Stay Pending Appeal and to Expedite Appeal. The Court held an expedited hearing on the Union's Motion. All parties to this proceeding have filed Briefs in either opposition or support of the Motion for Stay Pending Appeal. For the reasons provided herein, we deny the Motion.

## DISCUSSION

The determinative factors this Court considers when presented with a Motion for Stay Pending Appeal are governed by the same standards this Court would consider when presented with a Motion for a preliminary injunction. *In re Candor Diamond Corp.*, 26 B.R. 844, 847 (Bankr.S.D.N.Y. 1983); *In re Hotel Associates, Inc.*, 7 B.R.

130, 131–32 (Bankr.E.D.Pa.1980). See also the Editor's Comment in *Norton Bankruptcy Law & Practice* for Rule 8005.

Bankruptcy Rule 8005 governs the issuance of a stay pending appeal. The standards for the issuance of a stay are: (1) Appellant is likely to succeed on the merits of the appeal; (2) Appellant will suffer irreparable injury; (3) No substantial harm will come to Appellee; (4) The stay will do no harm to the public interest. See *In re Fosko Markets, Inc.*, 74 B.R. 384 (Bankr.S.D.N.Y.1987); *In re Crescenzi*, 58 B.R. 141, 143 (Bankr.S.D.N.Y.1986); *In re Beker Industries Corp.*, 57 B.R. 611, 633 (Bankr.S.D.N.Y.1986). Additionally, in considering the standards quoted above, a Court "should realize that these four factors structure the inquiry. However, no one aspect will necessarily determine its outcome. Rather, proper judgment entails a 'delicate balancing of all elements'." *In re Hotel Associates, Inc., supra* at 132 citing *Constructors Association of Western Pennsylvania v. Kreps*, 573 F.2d 811, 815 (3d Cir.1978) and *Evans v. Buchanan*, 424 F.Supp. 875, 879 (D.Del.1976). The Union has made no showing whatsoever that it can meet any of the four standards listed above. While we are not convinced by any argument made by the Union, we will, nevertheless, make comment on each of those arguments.

The Union requests this Court to stay, for a three week period, the Orders issued by the Bankruptcy Court on July 28, 1988 and August 11, 1988. The Union, in its Memorandum and during oral arguments, argued that "the resources available to the Union and the employees it represents are limited and it will be difficult, if not impossible, for the Union and the employees to post a bond on appeal. The Union, therefore, seeks this combination of limited stay and expedited appeal to minimize any injury that might result from the stay and appeal and thus, to reduce, or even eliminate, the need for a bond pending appeal." See Union's Memorandum in Support of Emergency Motion for Stay Pending Appeal and to Expedite Appeal at pp. 1 and 2. The Union also argues that the

Court should stay the appeal because if the sale of the assets is not stayed, the sale itself will defeat the purpose of the Union's appeal which seeks to maintain the debtor's enterprise intact. Additionally, the Union argues that it will be irreparably harmed if the debtor is permitted to liquidate, but that on the other hand, the debtor will not suffer any harm and the granting of the stay will, in fact, serve the public interest. Finally, debtor argues that the likelihood of success on the merits of the appeal is substantial.

The Union has correctly cited, in support of its arguments, all the factors which this Court must consider when presented with a motion for stay pending an appeal. However, the debtor in its oral argument at the hearing on August 25, 1988 and in its written Memorandum in Support made the same arguments to this Court that it did during the hearings on the Application for Approval of the Sale which the Union is now attempting to stay. These very arguments were heard by the Court, briefed by the parties and subjected to extensive testimony and oral argument on two prior occasions in this Court. After considering the arguments submitted in writing and the testimony by the parties, the Court rendered a decision which, in short, overruled the Union's objections to the sale and approved the sale itself. The Union now has made the same arguments and requests this Court to stay the appeal without presenting more or different evidence by way of testimony or argument. In short, the Union requested this Court to reconsider its position without advancing new law or facts different or additional to those already before the Court.

On the other hand, the debtor also responds with the same arguments made earlier to this Court. In short, the debtor asserts that the Union has not met the prerequisites which would require this Court to grant a stay of the sale.

The Union's first argument is that a stay is necessary in order to preserve the status quo of this appeal. In support thereof, the Union cites § 363(m) which provides in pertinent part:

"(m) The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal."

In support of this argument, the Union asserts that if the Order is not stayed, the sale of the assets will make the appeal moot. We agree. But, once again, we cannot stress enough that the Union has not presented any argument which this Court has not already considered.

The Union argues that if the stay is not granted and the assets are liquidated, it will be impossible for the employees to be adequately compensated for the breach. We note that this issue was raised in the earlier proceeding and this Court found that this issue was not ripe for hearing and should there be a breach of a contract the Union's appropriate remedy would be damages leading to a possible administrative claim which the Union can assert in another proceeding in the bankruptcy.

Third, the Union argues that the stay will serve the public interest. Once again, a plea has been to the Court's sensibilities concerning the continued employment of over 200 employees in the locality. This fact has been considered by the Court earlier and every attempt was made by the parties, especially the debtor, to insure the continued employment of the Union members. The Union, however, has not shown how the Union's interest in this matter is paramount to the debtor's various creditors whose interests must be considered and protected.

A claim that the debtor acted in bad faith was also presented by the Union. Once again, this is an issue that was considered extensively by the Court below and the Court found that at all times relevant to this matter, the debtor moved expeditiously to obtain the best purchase price for the business as a going entity and when that

became impossible, the sale of the assets piecemeal. As such, we found that the sale price for the assets in question was reasonable and that the proposed sale was in the best interests of the debtor's estate and that the debtor had proposed purchasers had acted in good faith. Once again, the Union has presented no new evidence or argument which would alter these findings.

Finally, the Union argues that neither the debtor or other interested parties will have suffered any harm, actual or monetary, as a result of the stay. When questioned by the Court on this issue, the Union had no substantial response and in fact, could not indicate why the debtor or other interested persons would not be harmed. On the other hand, the debtor's representative argued that the purchasers had already entered into contracts with other parties for the sale of the assets in question and that those sales were on strict timetables and could be lost by a stay of this matter. If anyone is to suffer, it will be the estate, estate creditors and the good faith purchasers of this property.

We are not convinced that the Union will be successful on appeal or that it will suffer irreparable injury. In short, the Union's sole position is that it has raised serious legal questions concerning the sale of the debtor's assets. We acknowledge this concern and believe that any errors of fact or law this Court may have made can be appropriately considered and ruled upon by the District Court on appeal. Consequently, based on the foregoing, we deny the Union's Motion for Stay Pending Appeal.

We make these findings of fact and conclusions of law based upon the dictates of Rule 7052 of the Rules of Bankruptcy Procedure.