In re The **BARRICK GROUP, INC.,** Debtor.

**METRO NORTH STATE BANK,** Movant,

v.

The **BARRICK GROUP, INC.,** Respondent.

Bankruptcy No. 5–87–00910.
Motion No. 5–89–0046–M.

United States Bankruptcy Court, D. Connecticut.

April 3, 1989.

Craig I. Lifland, Zeisler & Zeisler, P.C., Bridgeport, Conn., for Metro North State Bank.

Josh Lazar, Raggio, Jaffe & Kayser, New York City, for Dr. Charles Rogers, Dr. Chester Kay, Dr. Alex Mantel and Martin Burger.

## ORDER OVERRULING OBJECTION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

ALAN H.W. SHIFF, Bankruptcy Judge.

This case was commenced by an involuntary petition on December 4, 1987, seeking relief under chapter 7 of the Bankruptcy Code. An order for relief entered on September 1, 1988, and on November 30th this case was converted to a case under chapter 11. On January 30, 1989, Metro North State Bank filed a motion for relief from the automatic stay. Dr. Charles Rogers, Dr. Chester Kay, Dr. Alex Mantel and Martin Burger, all unsecured creditors, object to Metro North's motion on the ground that certain fraudulent acts may have been committed by Metro North and the debtor and discovery is necessary to develop that claim. For the reasons that follow, the objection is OVERRULED.

■ The objectors contend that § 1109(b) entitles them to conduct discovery. That section provides:

A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

Section 1109(b) is unclear as to the extent of participation granted by the right to be heard. *See In re Amatex Corp.*, 755 F.2d 1034, 1042 (3d Cir.1985). It is necessary to derive the reach of that section by reference to other parts of the Code and the implementing Bankruptcy Rules, and upon that analysis, I conclude that § 1109(b) is not so expansive as to automatically grant full participatory rights such as discovery and that such participation would only be

permitted if the objectors sought and were permitted to intervene. *See In re Pub. Serv. Co. of N.H.*, 88 B.R. 546, 550–52 (Bankr.D.N.H.1988); *In re Pub. Serv. Co. of N.H.*, 88 B.R. 521 (Bankr.D.N.H.1988) (party in interest under § 1109(b) authorized to intervene pursuant to Bankruptcy Rule 2018); *In re Johns–Manville Corp.*, 36 B.R. 743, 758–59 n. 7 (Bankr.S.D.N.Y. 1984), *aff'd*, 52 B.R. 940 (S.D.N.Y.1985) (discussing the form and function of participation by a representative of future asbestos claimants found to be parties in interest under § 1109(b)). *But see 5 Collier on Bankruptcy* ¶ 1109.02[2]–[3], at 1109–17 to –25 (15th ed. 1985).

Motions are generally intended to raise matters susceptible to quick resolution not often possible in more procedurally bound adversary proceedings. Such action in bankruptcy is not only essential in circumstance requiring an immediate hearing, but also is mandated by Code provisions in certain instances where the need for quick court action is a matter of public policy. For example, Code § 362(e) contemplates a hearing within 30 days after a motion for relief from the automatic stay of any act against property of the estate. A hearing on a motion for authorization to use cash collateral under § 363(c)(3) "shall be scheduled in accordance with the needs of the debtor.... The court shall act promptly on any request for authorization [for use of cash collateral]."

Rule 9014 is the primary source of procedure in contested matters.

In a contested matter in a case under the Code not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and an opportunity for hearing shall be afforded the party against whom relief is sought.

Therefore unless another rule provides otherwise,[1] motions in contested matters are only served upon the party against whom relief is sought.

Rule 4001(a)(1) directs that a "motion for relief from an automatic stay provided by

---

**1.** *See, e.g.,* Rule 4001(b)(1) and (c)(1) under which notice is specifically extended to others

than "the party against whom relief is sought".

the Code shall be made in accordance with Rule 9014." Those rules, which do not include notice upon peripheral parties in interest, are obviously intended to implement the limited time frame contemplated by § 362(e). It would be anamolous to permit a party in interest who has no right to notice to fully participate in a motion for relief from the automatic stay. But more to the point, a conclusion that § 1109(b) gives peripheral parties an absolute right to fully participate in contested matters would undermine established public policy of providing adequate protection of a secured creditor's interest in collateral and an efficient hearing on the determination of that issue. *See In re Pub. Serv. Co., supra,* 88 B.R. at 554. As the court in *Matter of Flamini,* 19 B.R. 303, 307–08 (Bankr. E.D.Mich.1982) (quoting *In re Semel & Co.,* 285 F.Supp. 536 (D.N.J.1968)), noted "[t]he traditional purpose of bankruptcy laws has always been to provide 'reasonably expeditious rehabilitation of financially distressed debtors with a consequent distribution to creditors who have acted diligently.' "

The better view is that § 1109(b) permits every party in interest to object to the relief sought by a motion in a Rule 9014 contested matter, but not to otherwise participate. If a peripheral party wishes to file requests for discovery and/or join in the evidentiary hearing, leave to intervene should be sought under Rule 2018(a) which provides:

> In a case under the Code, after hearing on such notice as the court directs and for cause shown, the court may permit any interested entity to intervene generally or with respect to specified matter.

*See In re Pub. Serv. Co., supra,* 88 B.R. at 551; *Harris v. Swolsky (In re Hyde Park Partnership),* 73 B.R. 194, 196–97 (Bankr. N.D.Ohio 1986); Advisory Committee Note to Bankruptcy Rule 2018 (1983) (Rule 2018 "implements § 1109 ... of the Code."); Advisory Committee Note to Bankruptcy Rule 7024 (1983) ("Intervention in a case under the Code is governed by Rule

2018...."). *But see Superior Paint Mfg. Co., Inc. v. Lopez–Soto (In re Lopez–Soto),* 764 F.2d 23, 25–26 (1st Cir.1985) (creditor has right to intervene in contested motion pursuant to Rule 24(a) Fed.R.Civ.P., made applicable by Bankruptcy Rule 7024).[2]

Rule 2018 gives courts the discretion to balance the needs of a potential intervenor against any delay or prejudice which would result from intervention. *See In re Pub. Serv. Co., supra,* 88 B.R. at 554; *Harris, supra,* 73 B.R. at 197. Here, the objectors have taken no steps to intervene.

As noted, Code § 1109(b) permits a party in interest to raise and and be heard on an objection. *See Official Unsecured Creditors' Comm. v. Michaels (Matter of Marin Motor Oil, Inc.),* 689 F.2d 445, 454 (3rd Cir.1982), *cert. denied,* 459 U.S. 1206–07, 103 S.Ct. 1196, 75 L.Ed.2d 440 (1983). I have heard the objection and conclude that Metro North is entitled to relief from the stay. If Metro North is delayed, their collateral may erode. If, on the other hand, there is any defense to the foreclosure sought by Metro North in a Missouri state court, the objectors are free to assert their claims in that forum. The objection is overruled, and IT IS SO ORDERED.

---

**2.** It is noted that Rule 9014 does not, in the first instance, include intervention under Rule 7024 (Rule 24 Fed.R.Civ.P.). Thus even a party entitled to notice under Rule 4001(b) or (c) may not interve as a matter of right. *See* Rule 7024(a).