In re The BARRICK GROUP, INC., Debtor.

METRO NORTH STATE BANK, Movant,

v.

The BARRICK GROUP, INC., Respondent.

Bankruptcy No. 5–87–00910.
Motion No. 5–89–0046–M.

United States Bankruptcy Court, D. Connecticut.

May 12, 1989.

**514**

Josh Lazar, Raggio, Jaffe & Kayser, New York City, for Dr. Charles Rogers, Dr. Chester Kay, Dr. Alex Mantel and Martin Burger.

Craig I. Lifland, Zeisler & Zeisler, P.C., Bridgeport, Conn., for Metro North State Bank.

## MEMORANDUM AND ORDER ON MOTION FOR STAY PENDING APPEAL UNDER BANKRUPTCY RULE 8005

ALAN H.W. SHIFF, Bankruptcy Judge.

Dr. Charles Rogers, Dr. Chester Kay, Dr. Alex Mantel and Martin Burger ("movants") move pursuant to Bankruptcy Rule 8005 for a stay of this court's April 3, 1989 order granting Metro North State Bank's motion for relief from the automatic stay pending their appeal. Metro North objects.

### BACKGROUND

On January 30, 1989, Metro North moved for relief from the automatic stay in order to pursue a foreclosure action pending in a Missouri state court. On February 15, 1989, the movants, who are unsecured creditors, filed an objection to that motion, contending that Metro North and the debtor had engaged in certain fraudulent actions and that they needed to conduct discovery to substantiate their claim. On April 3, 1989, this court granted Metro North's motion and overruled the movants' objection. *Metro North State Bank v. The Barrick Group, Inc. (In re The Barrick Group, Inc.)*, 98 B.R. 133 (1989). On April 13, the movants filed the instant motion and a notice of appeal.

The movants contend that the extent of their right to participate under Code § 1109(b) is uncertain and seek to have that issue clarified by the district court.[1] Further, they argue that their appeal may be mooted but Metro North would not be prejudiced if a stay is denied. Metro North, on the other hand, argues that since the movants have not appealed the order overruling their objection, standing issues under § 1109(b) are not a subject of appellate review. Moreover, Metro North contends that the movants will not suffer irreparable harm if a stay is not granted because they may pursue their claims in the Missouri state court action.

### DISCUSSION

Bankruptcy Rule 8005 provides in part:

A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms

---

1. The decision overruling the movants' objection stated, inter alia, that the movants lacked standing to conduct discovery, holding "that § 1109(b) is not so expansive as to automatically grant full participatory rights such as discovery and that such participation would only be permitted if the objectors sought and were permitted to intervene." *Metro North State Bank, supra,* at 134.

as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge. The district court or the bankruptcy appellate panel may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court. In *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987), the Supreme Court stated that the following four factors should be considered in determining whether a stay pending appeal is warranted: (1) whether the stay applicant has made a strong showing that success on the merits is likely; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See also Brodsky v. Local 282 (In re Marine Pollution Service, Inc.),* 89 B.R. 344, 345 (S.D.N.Y.1988); *In re Roth American, Inc.,* 90 B.R. 94, 95 (Bankr.M.D.Pa.1988). Several courts have held that an applicant must clearly establish all four factors. *Matter of Baldwin United Corp.,* 45 B.R. 385, 386 (Bankr.S.D. Ohio 1984); *John P. Maguire & Co., Inc. v. Sapir (In re Candor Diamond Corp.),* 26 B.R. 844, 847 (Bankr.S.D.N.Y.1983). However, the more authoritative and better approach is that the four factors should be used as guides. *See Hilton, supra,* 481 U.S. at 777, 107 S.Ct. at 2119 ("[The] stay factors contemplate individualized judgments in each case, the formula cannot be reduced to a set of rigid rules."); *In re Marine Pollution Service, supra,* 89 B.R. at 345; *In re Roth American, Inc., supra,* 90 B.R. at 95. This reading of the Rule 8005 is consistent with its plain language.

█ It is inappropriate for this court to assess whether it is likely that the movants' appeal will succeed. The second and third elements of the *Hilton* guide are, however, appropriate subjects for inquiry. Indeed, the order overruling the movants' objection to Metro North's motion for relief from the stay stated:

> If Metro North is delayed, their collateral may erode. If, on the other hand, there is any defense to the foreclosure sought by Metro North in a Missouri state court, the objectors are free to assert their claims in that forum.

*Metro North State Bank, supra,* at 135. It therefore has already been found that Metro North may suffer substantial injury if it is not allowed to proceed with the foreclosure and that the movants will suffer no irreparable harm if they are forced to raise their objections in that foreclosure action. The movants make no argument that a stay would serve any public interest, nor do they offer to provide a supersedeas bond to protect Metro North if a stay were granted.

### CONCLUSION

For the foregoing reasons, the movants' motion for a stay pending appeal is DENIED, and

IT IS SO ORDERED.