**In re CITY OF BRIDGEPORT, Debtor.**

**Bankruptcy No. 91–51519.**

United States Bankruptcy Court,
D. Connecticut.

July 10, 1991.

Raymond Bliss, Nancy Waggoner, Kantor & Silver, P.C., East Hartford, Conn., for Connecticut Police Dept. Employees, Local 1159, AFSCME AFL–CIO.

Robert Zanesky, Asst. City Atty., Office of the City Atty., Bridgeport, Conn., for City of Bridgeport.

### MEMORANDUM AND ORDER ON MOTION FOR GENERAL INTERVENOR STATUS

ALAN H.W. SHIFF, Bankruptcy Judge.

#### I.

On June 6, 1991, the City of Bridgeport, Connecticut filed a petition under chapter 9 of the Bankruptcy Code. On June 6 the State of Connecticut and the Bridgeport Financial Review Board (together "the State")[1] filed an objection to Bridgeport's petition on the grounds, *inter alia*, that the City is not generally authorized to be a debtor by state law, the City is not insol-

---

1. The Bridgeport Financial Review Board was established by the State in June, 1988, pursuant to Special Act No. 88–80. Section 1 of that Act provides:

It is hereby found and declared that a financial emergency exists in the town and city of Bridgeport, that the continued existence of this financial emergency is detrimental to the general welfare of the city and the state, that the town and city's continued ability to borrow in the public credit markets and the resolution of this financial emergency is a matter of paramount public interest and that to achieve this resolution it is necessary, appropriate and an essential public purpose to provide in this act for the financing of deficits resulting from the city's operations, the imposition of financial management controls and the creation of the Bridgeport financial review board to review the financial affairs of the town and city of Bridgeport, all in order to maintain access to public credit markets, to fund the city's accumulated deficits and to restore financial stability to the town and city of Bridgeport.

vent, and the petition was filed in bad faith.[2]

On July 5 the Connecticut Police Department Employees Local 1159, AFSCME AFL–CIO (the "Police Union") moved to intervene under Bankruptcy Rule 2018(a) and Code § 1109(b) "generally and with respect to the issue of the City of Bridgeport's authority to petition for relief under chapter 9." The motion states that the Police Union seeks to file "an Objection to Petition, a brief or briefs on the issues, and to present oral argument." On July 8 the Police Union filed an objection to the petition, arguing that it should be dismissed because (1) Bridgeport is not generally authorized by state law to be a debtor; (2) Bridgeport is not insolvent; and (3) the petition was not filed in good faith.

The Police Union argues that it has a compelling interest in this case because its pension agreements with the City may be affected, and that no other party adequately represents that interest. The Police Union contends that its intervention will not cause undue delay in the case.

## II.

■ Code § 1109(b), made applicable by § 901(a), provides:

A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and

may appear and be heard on any issue in a case under this chapter.

Bankruptcy Rule 2018(a), which implements § 1109(b), *see 1983 Advisory Committee Note*, provides:

Permissive Intervention. In a case under the Code, after hearing on such notice as the court directs and for cause shown, the court may permit any interested entity to intervene generally or with respect to any specified matter.[3]

A party in interest allowed to intervene generally under Rule 2018(a) in a case is empowered to participate fully in all matters in the case, including contested matters between other parties in interest. *See Metro North State Bank v. Barrick Group, Inc. (In re Barrick Group, Inc.)*, 98 B.R. 133, 134–35 (Bankr.D.Conn.1989) ("If a peripheral party [in a Rule 9014 contested matter] wishes to file requests for discovery and/or join in the evidentiary hearing, leave to intervene should be sought under Rule 2018(a)....").

■ As unlimited intervention in contested matters could cause unwarranted and prejudicial delays in the resolution of what are essentially disputes between two parties, "Rule 2018 gives courts the discretion to balance the needs of a potential intervenor against any delay or prejudice which would result from intervention." *Id.* at 135. An entity seeking permissive intervention under Rule 2018(a) must show cause, such as an economic interest in the case or one of its aspects or a concern with

---

**2.** Bankruptcy Code § 921(c) provides:

After any objection to the petition, the court, after notice and a hearing, may dismiss the petition if the debtor did not file the petition in good faith or if the petition does not meet the requirements of this title.

Code § 109(c) provides:

An entity may be a debtor under chapter 9 of this title if and only if such entity—

(1) is a municipality;
(2) is generally authorized to be a debtor under such chapter by State law, or by a governmental office or organization empowered by State law to authorize such entity to be a debtor under such chapter;
(3) is insolvent;
(4) desires to effect a plan to adjust such debts; and
(5)(A) has obtained the agreement of creditors holding at least a majority in amount of

the claims of each class that such entity intends to impair under a plan in a case under such chapter;

(B) has negotiated in good faith with creditors and has failed to obtain the agreement of creditors holding at least a majority in amount of the claims of each class that such entity intends to impair under a plan in a case under such chapter;

(C) is unable to negotiate with creditors because such negotiation is impracticable; or

(D) reasonably believes that a creditor may attempt to obtain a transfer that is avoidable under section 547 of this title.

**3.** It is noted that Bankruptcy Rule 9014 does not make applicable Rule 24 Fed.R.Civ.P., which provides for, *inter alia,* "intervention of right." Bankruptcy Rule 2018(a) provides for permissive intervention but not intervention of right.

its precedential ramifications. *In re Ionosphere Clubs, Inc.*, 101 B.R. 844, 853 (Bankr.S.D.N.Y.1989); *In re Public Serv. Co. of New Hampshire*, 88 B.R. 546, 551 (Bankr.D.N.H.1988). Thus, intervention should not be allowed where the potential intervenor's interests are already adequately represented or where intervention would cause undue delay or prejudice to the original parties. *In re Ionosphere Clubs, Inc., supra*, 101 B.R. at 853; *In re Public Serv. Co. of New Hampshire, supra*, 88 B.R. at 551.

Under the foregoing standards, I conclude that the Police Union should not be allowed to intervene generally. The State's objection is the subject of a pretrial order pursuant to which the City and the State have conducted extensive discovery. The City and the State may each call as many as twenty witnesses at the hearing, and their lists of exhibits include approximately 175 documents which may be entered into evidence. The hearing on the State's objection is now scheduled to take four full days. It is probable that the full participation of the Police Union in that hearing would cause a delay in its resolution and that the Police Union's position will be adequately represented by the State.

■ I also conclude that the Police Union's request for limited intervention should be denied. The Police Union does not need intervenor status to file an objection to the petition or to file a memorandum of law or present oral argument in support of that objection, as its status as a party in interest entitles it to do so. *See In re Barrick Group, Inc., supra*, 98 B.R. at 135.

### III.

For the foregoing reasons, the Police Union's motion is DENIED, and IT IS SO ORDERED.