In re Carole L. TAYLOR a/k/a Carol Thompson–Taylor, Debtor.

Carole Taylor a/k/a Carol Thompson–Taylor, Movant

v.

Ronda Winnecour, Chapter 13 Trustee, Respondent.

No. 10–20954–JKF.

United States Bankruptcy Court, W.D. Pennsylvania.

June 20, 2011.

Marvin Leibowitz, Pittsburgh, PA, for Debtor.

## MEMORANDUM OPINION AND ORDER[1]

JUDITH K. FITZGERALD, Bankruptcy Judge.

Before the court is Debtor's so-called "emergency" motion pursuant to Fed. Rule Bankr.Proc. 8005, seeking a stay of all matters in her bankruptcy case pending resolution of her appeal of this court's order dated April 29, 2011, denying her motion to dismiss her Chapter 13 case. Doc. No. 169.[2]

■ There are four factors a party seeking a stay must establish in its favor to obtain a stay pending appeal: (1) whether the movant is likely to succeed on the merits of the appeal; (2) whether the movant will likely suffer irreparable injury if a stay is not granted; (3) whether a stay would substantially harm other parties in the litigation; and (4) whether a stay is in the public interest. *See Thompson v. Florida Wood Treaters,* No. 2006–224, 2010 WL 3119918 at \*2–3, 2010 U.S. Dist. LEXIS 82520 at \*6 (D.V.I. Aug. 4, 2010); *In re Adelphia Communications Corp.,*

---

1. This matter is brought to this court pursuant to Fed. Rule Bankr.Proc. 8005. Jurisdiction is not contested. This Memorandum Opinion and Order constitute our findings of fact and conclusions of law.

2. Debtor filed her notice of appeal on May 10, 2011. Why she is only now getting around to filing an "emergency" motion for stay pending appeal is not explained in the motion. It appears that the "emergency," the nature of which also remains unexplained, has been precipitated by the summonses issued in a fraudulent conveyance adversary complaint against Debtor, her daughters, and a company that is an insider of the Debtor's. *See* Adv. No. 11–02271. The summonses require responses to be file by June 22, 2011. The "emergency" may also be related to the requirement that Debtor actually make payments into her chapter 13 plan, something which, despite her previously demonstrated ability, Debtor no longer wishes to do.

361 B.R. 337, 346 (S.D.N.Y.2007); *In re Roth American, Inc.,* 90 B.R. 94, 95 (Bankr.M.D.Pa.1988).

■ Upon consideration of whether Debtor has met the four factors to obtain a stay pending appeal, we find as follows:

### 1—*Whether Debtor is likely to succeed on the merits of the appeal.*

There is a dispute among the courts as to whether a Chapter 13 debtor has an absolute right to dismiss her case. As indicated in the Memorandum Opinion and Order (Doc. No. 169), which is the subject of this appeal, this court found that there is no such absolute right and that the facts of Debtor's effort to dismiss her bankruptcy case after the extraordinary litigious conduct to which she has subjected her creditors for more than half a decade are so egregious that this case ought not to be dismissed under any circumstances.[3] Given the unwarranted effort Debtor has made to delay repayment of her debt despite having filed a plan and demonstrating sufficient income to pay creditors at some distribution level, and given the pendency of a fraudulent conveyance action commenced by the Chapter 13 Trustee which, if successful, will return sufficient assets to this estate to pay all creditors in full, with interest, this court is of the view that Debtor has little likelihood of success on the merits of the appeal.

### 2—*Whether the Debtor will likely suffer irreparable injury if a stay is not granted.*

Debtor will suffer no injury, let alone irreparable injury, if a stay is not granted. Debtor is subject to multiple lawsuits commenced by the Chapter 13 Trustee and by creditors which will go forward in a court, state or federal, whether Debtor remains in chapter 13, chapter 7 or no chapter. Creditors have fraudulent conveyance actions of their own that can be continued in state court if the bankruptcy is dismissed. The Trustee has a fraudulent conveyance action in the bankruptcy court. The U.S. District Court has a sanctions proceeding pending against Debtor that will go forward whether or not there is a bankruptcy. Thus, if she is successful on appeal and the bankruptcy is dismissed, she will still face the same actions she must now address in her bankruptcy.

### 3—*Whether a stay would substantially harm the other parties in the litigation.*

A stay will substantially harm all of the other parties to the bankruptcy. Discovery is on-going as to some actions pending against Debtor and trial dates will soon be set. Creditors have been delayed for over half a decade by Debtor's litigious (and, to date, always unsuccessful) efforts to carry her disputes into any and every forum

---

**3.** Debtor was provided the opportunity to elect to remain in chapter 13 or to have her case converted to chapter 7. She filed at Doc. No. 199 a "Statement of Intent" that is replete with factual inaccuracies and incorrect legal theories. Among others, Debtor contends that chapter 7 is not an option for her because she is not insolvent. *See* Debtor's Statement of Intent Doc. No. 199, at ¶ 15: "Further, the debtor has real property, stocks and bonds, and $5,100. The debtor was paying $300 a month over $3,000 faithfully into a Restructuring Plan to pay her (one) judgment creditor. She has no other creditors who

have filed a proof of claim that was due in April 2010. There are more than enough assets in the debtor's Restructuring Plan to prove she is not insolvent." The statement is incorrect in two significant details, i.e., (1) nine proofs of claim, not just one, have been filed (*see* the Claims Register), and (2) the proof of claim bar date was July 19, 2010, not April of 2010. *See* Doc. No. 15. Of course, there is no requirement that an individual be insolvent to be a debtor in bankruptcy. *See generally* 11 U.S.C. § 109, "Who may be a debtor," wherein there is no requirement of insolvency regarding individuals.

available, in an effort to evade the consequences of her actions. This bankruptcy is the vehicle through which all of the litigation can be brought to an expedient close. In addition, if the case is dismissed, to the extent that the Trustee would otherwise be able to prove a fraudulent conveyance, the estate stands to lose sufficient funds to pay all creditors in full while the transferees (all of whom are relatives or other insiders of the Debtor and are co-defendants with her in the fraudulent conveyance adversary action) retain control of what is alleged to be in excess of $1 million in estate funds.[4] A stay of that litigation will serve to carry on the delays that Debtor has been so successful in achieving to date, to the immediate and irreparable detriment of her creditors and her estate.

### 4—Whether a stay is in the public interest.

The public interest is not served by affording this Debtor another opportunity to delay her creditors and the Trustee from legitimate efforts to collect the debts Debtor owes pursuant to various judgments and orders of multiple courts. Regardless of the outcome of this appeal, Debtor will still owe her creditors and still have an obligation to pay them. That is, if Debtor is successful on appeal and her bankruptcy is thereby dismissed, none of her debts will be discharged. The only difference that will accrue, if Debtor is somehow successful on appeal, is that the pending actions before the Bankruptcy Court will again be decentralized into numerous courts while creditors undertake their individual collection activities, thus affording Debtor additional opportunities to delay paying her debts. As stated by the court in Thompson v. Florida Wood Treaters,

2010 WL 3119918, supra at *5–6, 2010 U.S. Dist. LEXIS 82520, supra, at *15–16: "[T]he public interest weighs against issuing a stay, in that the public interest is served neither by a court system clogged with meritless appeals nor by the waste of property which could otherwise be placed into the stream of commerce and put to use by a new owner." (Citation omitted.) Here, the legal system will continue to be clogged with meritless appeals and those creditors who have obtained judgments and orders against her will be delayed in receiving payment while this appeal is pending.

For all of these reasons, the court finds that Debtor has not met her burden. Thus, the motion is DENIED.

However, the court will reconsider this ruling and will enter an order granting Debtor a stay pending conclusion of this appeal IF AND ONLY IF, not later than 4:00 P.M. Prevailing Eastern Time on June 27, 2011, Debtor files a motion seeking reconsideration of this Memorandum Opinion and Order with an affidavit and with proof that a cash or supersedeas bond has been posted in the amount of $400,000. If Debtor fails to file the motion or post the bond and/or fails to file the affidavit with proof of posting of a bond by 4:00 P.M. Prevailing Eastern Time on June 27, 2011, then no stay pending appeal will take effect.

The $400,000 represents an amount estimated as sufficient to pay Debtor's scheduled prepetition liabilities of $216,923.70, the as yet unawarded sanctions against her pending in the action before the U.S. District Court for the Western District of Pennsylvania, and postpetition counsel fees for Debtor's attorneys[5] that, at the rate

---

**4.** See Adv. No. 11–2271. As noted in text, supra, responses to the complaint are due on June 22, 2011.

**5.** Debtor's counsel have been awarded fees and costs through May 16, 011, that total $22,713.48 just for bankruptcy services. Doc. Nos. 216 and 217.

incurred so far, will probably exceed $50,000.

Pending the posting of the bond, no stay pending appeal is in effect as to any matter or adversary, including the obligation of Debtor and other parties in interest to respond to pending matters.

Counsel to Debtor, Marvin Leibowitz, shall immediately serve a copy of this Memorandum Opinion and Order on all parties in interest who do not receive electronic notice and shall file a Certificate of Service forthwith.

**IT IS SO ORDERED.**